By the Court.

It was very properly admitted by the plaintiff’s counsel, that her marriage pending her suit gave the defendant matter to abate her writ, and, as he has regularly taken advantage of this matter by his plea in abatement, that the writ must abate.
But the principal question arising in the cause is, whether the defendant can have judgment for costs. By the English practice, the defendant could not have costs ; nor can a plaintiff, on obtaining an interlocutory judgment, that the defendant’s plea in abatement is bad, and that he answer further, have costs against the defendant. But by our laws, the party prevailing is, in all cases, entitled to costs ; and when the defendant has by plea abated the plaintiff’s writ, he has always been considered as prevailing in the cause, and so entitled to costs. And certainly the defendant ought to be indemnified, so far as to have costs, for being exposed to vexation and expense in being obliged to appear and answer to a bad writ. But costs are never allowed to a plaintiff upon a respondeos ouster, for he has not yet prevailed in the action, and on his prevailing he will have his costs.
It is objected that the present case must be an exception, because *579 a judgment for costs will affect the interest of the husband, who is not a party to the suit. An execution on a judgment for costs against Anna Haines cannot be levied on the goods of her husband, nor can his body be taken, although the wife may be arrested and imprisoned, if the husband will not satisfy the execution.
Prescott for the plaintiff.
Putnam for the defendant.
And this case cannot be distinguished in principle from other cases, where judgment has been recovered against the wife before marriage, and execution issues after, or where the defendant will not plead the intermarriage in abatement, and * shall afterwards recover costs on the merits. If, in- [ * 661 ] stead of an execution on the judgment, the party recovering costs shall sue a scire facias, or bring debt against the husband and wife, he must have judgment; for the husband cannot inquire into the merits of the former judgment: so, on the other hand, if the judgment against the wife be erroneous, the husband may bring error, suing it in his own and his wife’s name, to reverse it. As the husband, when he marries, has the property of the wife with her, so he is liable for her debts, if judgment be rendered during the coverture. And if she has sued an action, which is pending at the marriage, he makes himself liable to the legal consequences of the marriage, whether costs be recovered against the wife on abating her writ, or on a judgment against her on the merits.
Let the writ be abated, with costs for the defendant.