Nov. Term,
1825.

LAMBERT
v.
LAGOW.

*Wednesday,*
*November 16.*

## LAMBERT *v.* LAGOW.

A writing obligatory executed by two persons began, "I promise to pay," &c., and concluded, "witness my hand and seal," &c.: *Held*, that it might be considered a several obligation.

The judgment for the plaintiff, on a demurrer to a plea in abatement, is not final, but only a respondeat ouster.

*Wednesday,*
*November 16.*

APPEAL from the *Vigo* Circuit Court.

BLACKFORD, J.—Debt against *Lambert* upon the following ob-

ligation: "On or before the 1st *Sept.* 1823, I promise to pay
*Wilson Lagow* or order 425 dollars, &c. Witness my hand and
.seal this 7th *Dec.* 1821.—*Lambert & Dixon*, (seal)." The de-
fendant pleaded in abatement the non-joinder of *Dixon.* The
pleas were demurred to, and final judgment was rendered for the
plaintiff.

The obligation reads, *I* promise to pay, &c., witness *my* hand,
&c. The plaintiff had a right to treat this as a several obliga-
tion, and institute his action accordingly. He has done so;
and consequently the plea of *Lambert,* that there was another
obligor not named in the suit, cannot be supported. In *March*
v. *Ward*, Peake's N. P. 130, the note was, *I* promise to pay *W. M.*
8*l.* 5*s.*, and was signed, *Robert Bowling, Thomas Ward. Ward* a-
lone was sued, and the action sustained. The Court said the
note was several as well as joint. Vide also *Hunt, admr.* v. *Ad-
ams*, 5 Mass. 358, and *Forster* v. *Fuller*, 6 Mass. 58, to the same
point (1).

The judgment however, in this cause, being upon demurrer
to pleas in abatement, should not have been peremptory, quod
recuperet, but only interlocutory, quod respondeat ouster. Tidd,
588 (2).

*Per Curiam.*—The judgment is reversed, and the proceed-
ings subsequent to the joinder in demurrer are set aside, with
costs. Cause remanded, &c.

*Judah*, for the appellant.

*Tabbs*, for the appellee.

(1) Acc. *Clark* v. *Blackstock*, 1 Holt, 474.—*Hall* v. *Smith*, 1 Barn. & Cress.
407.

(2) Form of the judgment of respondeat ouster:—Whereupon all and sin-
gular the premises aforesaid being seen, and by the Court here fully under-
stood, and mature deliberation being thereupon had, it appears to the said
Court here, that the said plea, by the said *A. B.* above in manner and form
aforesaid pleaded in abatement, and the matters therein contained, are not
sufficient in law to quash the writ of the said *C. D.*: therefore it is considered
that the said *A. B.* do answer further to the said writ of the said *C. D.* Arch.
Forms, 300.

This judgment, though styled interlocutory, differs from the ordinary judg-
ments of that name. An interlocutory judgment, generally, establishes the
right of the plaintiff to recover, but leaves the quantum of damages to be af-
terwards ascertained. But a judgment for the plaintiff on a demurrer to a
plea in abatement, only shows that the defendant has mistaken the law on a
point not affecting the merits of the case, and therefore merely requires him
to offer, if he can, a further defence. Bing. on Judg. 2.

Upon this judgment of respondeat ouster, no costs are allowed to the plain-

tiff, as he has not yet succeeded in the suit. Should he finally prevail, however, he will then be entitled to his costs. *Haines* v. *Corliss*, 4 Mass. 659.