GIBBONS v. SURBER.

GIBBONS
v.
SURBER.

In a joint action against two, on a joint or on a joint and several contract, the plaintiff cannot take judgment against one alone, unless the process be returned *non est inventus* as to the other.

ERROR to the *Hendricks* Circuit Court.

*Monday,
November 28.*

DEWEY, J.—This was an action of debt by the assignee of a joint and several bond for the payment of a sum of money, in which he declared jointly against all the obligors, *Smith* and *Gibbons*. The record contains no notice of *Smith* whatever, after the filing of the declaration. *Gibbons* appeared and put in a special plea in bar, upon which issue was joined; which being found for the plaintiff below, a separate judgment was rendered against *Gibbons* for the debt demanded and damages.

The error assigned is the rendition of this judgment against one obligor, without any disposition of the suit having been made as to his co-obligor, sued jointly with him.

The law is well settled in *England*, that in a joint action against several on contract, a valid judgment cannot be rendered against a part of the defendants, on whom process may have been served, without having first proceeded to outlawry against the residue of them. 1 Strange, 473.—2 id. 1269.—15 East, 1.—1 Maule & Selw. 242. The same doctrine has been recognised and established by our own and other *American* decisions, substituting in the place of the *English* process of outlawry, statutory provisions designed to effect the same object. 1 Blackf. 106.—Ib. 139.—7 Cranch, 194.

It is true that in this case, the contract on which the suit in the Court below was founded is *joint* and *several*. But the defendant in error cannot avoid the force of the authorities above quoted, in consideration of that circumstance. The only difference between a contract merely *joint*, and one joint and several, as respects the right of the holder of the one or the other in pursuing his remedy, is, that on the first he is obliged to sue all the living promisers, whereas on the latter he has a right to elect between one and all of them. Having made his election, the contract becomes, so far as the rules of law applicable to his remedy are concerned, purely several or purely joint; and he is no longer at liberty to consider it other

Nov. Term,
1836.

than what he has made it by his own determination. The contract has then entirely lost its mixed character; and a suit upon it must be governed by the same principles which would have controlled it, had it been originally what choice ultimately made it. 1 Chitt. Pl. 32.—1 Saunder's Rep. 291, n. 4.—1 Blackf. 140. In this case, therefore, as the action below was joint, the contract which was the foundation of it must be viewed as also joint.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue set aside, with costs. Cause remanded, &c.

*C. C. Nave* and *W. Quarles,* for the plaintiff.

*J. B. Ray,* for the defendant.