Groves and Another *v.* Stephenson.

A note beginning. " I promise," &c., and signed by two persons, is joint and several, and a suit can therefore be sustained on it either against both the makers, or against one of them only, at the election of the payee.

*Tuesday,
June 8.*

APPEAL from the *Floyd* Circuit Court.

Dewey, J.—Debt against two defendants on a joint promise. Plea, general issue. Judgment for the plaintiff below.

On the trial of the cause, the plaintiff produced a note signed by the defendants, beginning " I promise." The defendants objected to its admission in evidence; but the objection was overruled.

It is contended that the note should have been rejected, on the ground of a variance between the joint promise laid in the declaration, and the promise expressed in the note.

This position cannot be sustained. This Court has heretofore decided, that an instrument running " I promise," &c. and executed by more than one person, is joint and several. *Lambert* v. *Lagow*, 1 Blackf. 388, and n. 1. The promisee of a joint and several contract may elect to consider it either joint or several, and, having made his election, pursue his remedy accordingly. *Palmer* v. *Crosby*, 1 Blackf. 139.— *Gibbons* v. *Surber*, 4 Blackf. 155.—1 Saund. 291, n. 4. Whether he describes the contract as of the one character or the other in his declaration, when produced it will sustain the allegation. He must sue one only, or all the living obligors. If he sue one, he may declare against him without naming the others; or if he declare against all, he need not set out the several promise. 2 Chitt. Pl. 116, n. *k*, and the authorities there cited. 1 Chitt. Prec. 152, n. *f*. Id. 418, n. *u*.— *Gray et al.* v. *Palmers*, 1 Esp. R. 135. Even when one of several joint contractors is declared against as having made a several promise, the joint contract cannot, under the general issue, be objected to on the ground of variance, but is good evidence for the plaintiff. 5 Co. 119.—*Wilson* v. *Reddall*, Gow, 161.—*Mountstephen* v. *Brooke*, 1 B. & Ald. 224.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Crawford*, for the appellants.

*J. Collins*, for the appellee.