BROOKS & ELLIS, plaintiffs in error, *vs.* McINTYRE, defendant in error.

A joint defendant in an action *ex contractu*, not served with process, and not appearing, although released by his co-defendant, is not, by Section 99, Chapter 102 of the Revised Statutes, made a competent witness for such co-defendant.

Chapter 107 of the Revised Statutes providing substantially, that in actions against two or more persons, jointly indebted upon any joint obligation, contract or liability, if process shall be duly served on either, judgment, if for the plaintiffs, shall be rendered against all the defendants, that execution shall be issued against all, and may be collected of the partnership property, is not in conflict with the Constitutional provision, that no person shall be deprived of life, liberty, or property, without due process of law.

Error to the Wayne Circuit Court.

This suit was originally commenced before a Justice of the Peace. The summons issued was personally served on the defendant (plaintiff in error) Brooks, and returned *non est inventus* as to Ellis, who was also named a defendant in the writ. The declaration was in assumpsit against both defendants; to which Brooks pleaded the general issue. Ellis not appearing, and judgment having been recovered by the plaintiff below, the case was appealed to the Wayne County Circuit Court, and upon the trial in that Court, the plaintiff in error, Brooks, having executed a release to defendant, Ellis, offered him as a witness, to which the defendant in error objected, and the objection was sustained and exception taken. The jury rendered a verdict against the defendants; the cause was brought to this Court by writ of error.

*Burt & Maynard,* for plaintiffs in error, referred to Revised Statutes, Chapter 102, Section 99, and insisted that merely inserting the name of a person in the writ or process,

without service upon him, in no legal sense made him a party to the record. (*Le Roy* vs. *Johnson*, 2 *Pet.*, 186.)

Chapter 107, Revised Statutes, respecting proceedings against joint debtors, so far as it affects the rights or property of persons not served with process and not appearing, is in direct conflict with the 5th Article of the Amendments of the Constitution of the United States, and with the Constitution of this State. The phrase " due process of law," as there used, means a trial before the judicial tribunals of the State, and a decision upon the matters of right as determined by the laws under which such trial is had, according to the course, mode and usage of the common law. (*Ervine's Appeal*, 16 *Penn. State R.*, 257; *Brown* vs. *Hummell*, 6 *Barr.*, 87; *Taylor* vs. *Porter*, 4 *Hill*, 142; *In the matter of John and Cherry streets*, 19 *Wend.*, 659; *Hollingsworth* vs. *Barbour*, 6 *Pet.*, 475; *Hoke* vs. *Henderson*, 4 *Dev.*, 5; 1 *Curtis R.*, 311; 3 *Story Const.*, 661; 2 *Kent Com.*, 24.)

*Howard, Bishop & Holbrook,* for defendant in error.

In this case, the verdict must be presumed to have been found upon sufficient testimony to make both defendants liable as joint debtors, and the judgment rendered against both, make their joint property liable. The joint debtor named in, but not served with the process, is individually a party named in the record, from the necessity of the case. Judgment under the statute is a bar to a suit on the original claim, as effectually as any other judgment. (*Robertson* vs. *Smith et al.*, 18 *J. R.*, 459.) The judgment is *prima facie* evidence of a debt against the party not brought into Court. (*Taylor et al.* vs. *Pettibone*, 16 *J. R.*, 66; *Bank of Columbia* vs. *Newcomb et al.*, 6 *J. R.*, 98.) A judgment rendered under the provisions of the statute is sufficient to sustain an action of debt upon it, against all the defendants. (*Bank of Columbia* vs. *Newcomb*, 6 *J. R.*, 98 ; *Carman et al.* vs.

*Townsend*, 6 *Wend.*, 206; *S. C.*, 6 *Cow.*, 695.) The parties being sued as joint debtors, the judgment must be taken against all the defendants. (*Nelson* vs. *Bostwick*, 5 *Hill*, 37; *Leggett* vs. *Boyd*, 6 *Wend.*, 500; *Pardee* vs. *Haynes*, 10 *Wend.*, 631.) Impersonment of a defendant served, is a satisfaction as to those not served. (*Chapman* vs. *Hall et al.*, 11 *Wend.*, 41.)

The practice of swearing a defendant not served (and who has been released by the other defendant), on the ground that he is not a party, does not apply to cases under the statute relating to joint debtors, as such defendant is a party to the record. (*Cow. and H., notes*, 115.)

By the Court, MARTIN, J.

This action was commenced and prosecuted under the provisions of our Revised Statutes, respecting proceedings against joint debtors. It is a well-established principle of the common law, that in actions upon joint obligations, all the living joint obligors or promissors must be made defendants; and herein consists the difference, it is said, between contracts which are *joint* and those which are *joint and several*, as respects the right of the holder of the one or the other in pursuing his remedy, that, on the first he is obliged to sue all the living promissors, whereas on the latter he has a right to elect between one and all of them. (*See Gibbons* vs. *Surber*, 4 *Blackf.*, 155.) It is good ground for a plea in abatement, in an action against one upon a joint liability, that his joint debtor is not made a party defendant; hence, it is not only the right of the plaintiff, but his duty, if he would avoid the risk of such a plea, to issue his process against all such joint promissors. To this rule we are aware of no exceptions; the only difference in the practice of the English and American Courts, as well as the differences in those of the several States, being such as arise in virtue of statutory provisions, affecting the proceedings after the return of pro-

cess. Thus, in England, the law before the 3d and 4th Will. IV, and which had existed from the earliest times, was well settled, that in a joint action against several on a contract, a valid judgment cannot be rendered against a part of the defendants, upon whom process may have been served, without having first proceeded to outlawry against the residue of them. (1 *Arch. Pr.*, 123; 2 *Ib.*, 177, 179; 1 *Strange*, 473  2 *Ib.*, 1269; 15 *East.*, 1; 1 *Maule & Selw.*, 242.) While in some of the United States the plaintiff is allowed to proceed to judgment against the defendant or defendants served with process, upon a return of " *non est inventus*," or some equivalent return as to the defendants not served ; in others, as in New York and this State, the plaintiff proceeds to judgment against all the joint debtors under statutory provisions, designed to effect the same object as the common law process of outlawry. In addition to the decisions of the Courts of New York cited by counsel, see Gibbons *vs.* Surbur, 4 Blackf., 155; 1 Ib., 106; Ib., 139; 7 Cranch, 194; and McCall *vs.* Price, 1 McCord, 82.

In all these cases, whether the judgment be against one or all the joint debtors, as well as where suit is instituted against part only of those jointly liable, and no plea in abatement is interposed on that account, such judgment is a bar to an action upon the original claim against the defendants not served in the one case, and against the debtors not proceeded against, in the other. See cases above cited : Sloo *vs.* Lea, 18 Ohio, 279 ; King *vs.* Hoar, 13 Mees. & Wels., 492; Ward *vs.* Johnson, 13 Mass., 148; Gibbs *vs.* Bryant, 1 Pick., 118; Smith *vs.* Black, 9 S. & R., 142; Lewis *vs.* Williams, 6 Whart., 264; Robertson *vs.* Smith, 18 J. R., 459. The plaintiffs' claim thereafter is upon the judgment, and against those who are parties to it, and hence the defendant Ellis, in this case, was not only "a party to the record," but the suit was "defended in his immediate and

individual behalf." It was his interest that no judgment should be obtained by the plaintiff in the action ; for upon such judgment, and upon that alone, could he afterwards be held liable, after proper proceedings for that purpose. Nor could the release by his co-defendant render him a competent witness. Such release would only discharge him from liability to the co-defendant for contribution, while the liabilty to the plaintiff would continue the same, and the inducement to prevent a judgment or reduce its amount would remain in full force. There are cases in which a joint debtor may be a witness in behalf of his co-debtor, but these are where the action is prosecuted against the one alone, and in such cases he is admitted to testify, after release, upon the ground that the plaintiff, by electing to proceed against the one, has lost his remedy against the other ; the recovery in such an action being a bar to any subsequent proceedings against the debtor not sued. See cases above cited : Henderson *vs.* Lewis, 9 S. & R., 379. But such is not this case. Here, by the form of the action, the plaintiff has pursued his right against both, as he might do, and he is entitled to the full benefit of that remedy which the law affords him, to render that right available for the recovery of his debt. The judgment in this case is, moreover, evidence against Ellis to the extent of the plaintiff's demand, after his liability shall have been established by proceedings against him upon the judgment; and the property which he may hold, as copartner with Brooks, is held liable to the execution issued upon the judgment.

We cannot perceive that these provisions of the statute conflict with those provisions of the Constitution, which provide that no person shall be deprived of life, liberty or property without due process of law. Without stopping to define the phrase " due process of law," it is sufficient to say that we can hardly perceive how a remedy, which existed upon our statutes long before the liability of the defendant below accrued,

and in view of which the law presumes that liability to have been incurred, can be deemed to be in conflict with this Constitutional provision, nor how a process older than the Constitution, and which was known to the law before Magna Charta was granted, can be held not "due process of law." Yet such is virtually the fact in relation to this joint debtor Act, for the statute was intended to supersede the necessity of the plaintiff's proceeding to outlawry against one not found or brought into Court, which was essential before judgment could pass against those served with process. (*Mason* vs. *Denison,* 11 *Wend.,* 612.)

Under proceedings of outlawry, until the 3d and 4th Will. IV, ch. 42, this was essential in all cases, but by that act (sec. 7), it was provided that no plea in abatement for the nonjoinder of any person as a co-defendant, should be allowed in any Court of common law, unless it should be stated in such plea that such person is a resident within the jurisdiction of the Court, and unless the place of residence of such person should be stated with convenient certainty in an affidavit verifying such plea. Yet in such case, while it is not now *absolutely* necessary for the plaintiff to proceed to outlawry against the absent debtor in all cases, nevertheless, if such absent debtor has property in England, out of which the plaintiff is desirous of making his debt, he must still proceed to outlawry against him, as he was required to do before its passage. See 3 Chitty's Gen'l Prac., 398, 399 ; 1 Arch. Prac., 123 ; 2 Ib., 173, 177, 179. By our Revised Statutes (*p.* 484, *sec.* 29), the proceeding by outlawry in civil actions is abolished, and this milder remedy against absent debtors is substituted in its place, and as the law withholds a remedy against one joint debtor alone, if objection be made, unless this action can be maintained against both in the manner prescribed by the statute, the plaintiff is remediless.

It is worthy of note also, that under the process of outlawry, the plaintiff could make his debt out of the property

41

of the absentee, while our statute restricts this right, and confines him to such property of the absent defendant as is held by him as a copartner with his co-defendant. In this the process of the law is stripped of its severity, and merely declares that the judgment shall come in as an admission of the defendant's co-debtor, who has had reasonable notice to contest the demand for both, as to the extent of their joint liability, and makes liable to execution only such property as is held in *partnership*, and which, from the very nature of that tenure, may be appropriated by either to the extinguishment of their joint indebtedness. In this the law only compels the defendants to do that by means of its process, which they were legally bound to perform without such intervention.

There was no error in the ruling of the Court below, and the judgment must be affirmed.

Present, MARTIN, COPELAND, JOHNSON, WING, PRATT, GREEN and BACON, J. J.

DOUGLASS, J., did not participate, having decided the cause below.