Sumner *v.* Pinney.

ORRIN SUMNER *v.* RUSSELL W. PINNEY.

*Tax. Husband and wife.*

If a tax be duly assessed against a *feme sole* who afterwards marries, the husband's property, including the personal property owned by the wife at the time of marriage, is not liable to be distrained for the satisfaction of the tax.

TRESPASS for a cow. Plea, the general issue, with notice of special matter in defence, and trial by the court, at the December Term, 1858,—REDFIELD, Ch. J., presiding.

The following facts were found by the court :

The defendant, as collector of school district No. 5, in Plymouth, distrained the cow in question on the 1st of January, 1858, on a tax bill and warrant, the tax having been legally assessed at seven dollars and thirty-six cents against the plaintiff's wife, previous to her marriage and while she was a *feme sole*, and a resident of that school district, by the name of Mrs. S. S. French. Previous to the taking of the cow by the defendant, Mrs. French married the plaintiff, and moved out of that district. The defendant, as collector, called upon her both before and after her marriage with the plaintiff for payment of this tax, giving legal notice ; and after her marriage, the defendant, as collector, called upon the plaintiff and his wife, giving legal notice

that he should require payment of the tax. The plaintiff requested the defendant to give him one week to consider whether he would pay this tax so assessed against his wife, and at the end of the week the defendant, as collector, again went to the plaintiff's house, and the plaintiff and his wife then declined paying the tax, and the defendant told the plaintiff that, as collector, he must take property, and the plaintiff having two cows in his yard, the defendant asked him if he had any choice as to the one he should take; the plaintiff said no, but that he forbid his taking either. The defendant then pointed out the cow which he said he would take, designating a cow which the plaintiff's wife owned at the time of their marriage; thereupon the plaintiff said if he would take one of the cows, he preferred that he should take the other, as the cow designated gave milk. The defendant thereupon took the other cow, and having some difficulty in getting the cow from the yard, the plaintiff, unasked, assisted the defendant in getting her out of the yard and in starting her away.

The proceedings of the defendant in distraining the cow were all in due form of law, providing the property of the plaintiff could legally be distrained to satisfy the tax assessed against his wife before their marriage.

Upon these facts the county court rendered judgment for the plaintiff, to which the defendant excepted.

*John F. Deane*, for the defendant.

The husband and wife are in law but one person. The husband, on marriage, becomes liable for the wife's debts contracted *dum sola*, and in general whatever duties are incumbent on the wife to perform before marriage, devolve upon the husband during coverture. The tax in question comes fully within this principle, and it was the plaintiff's duty to pay it.

*E. Fisher* and *Converse & French*, for the plaintiff.

Though the husband is liable for the debts, and even the torts of his wife incurred and committed before marriage, his property or person can not be taken upon such liability, until it has been fixed upon him by a suit to which he is a party. But the plaintiff is in no sense liable for this tax against his wife, nor can he

Sumner *v*. Pinney.

be made liable for it by any proceeding. It is not a debt, nor a tort, nor a crime. It is not founded on contract in the most enlarged sense of the term. No suit can be sustained upon it, and it can be enforced only in the mode prescribed by statute.

The plaintiff's name was not on the tax bill, and the warrant gave the defendant no authority to proceed against him.

The cow sued for was never the wife's property, and was never liable to be taken on the tax against her. It would have been the same in principle however, had the cow which formerly belonged to her been taken, because by marriage it became absolutely the plaintiff's property; *Hayes* v. *Corliss*, 4 Mass. 659; *Commonwealth* v. *Philipsbury*, 10 Mass. 78; *Shaw* v. *Pickett*, 26 Vt. 482; *Rawlins* v. *Rounds*, 27 Vt. 17.

BARRETT, J. Upon the case as presented by the exceptions, we regard the relative rights and liabilities of the parties to be the same as if the defendant had distrained the cow that had originally belonged to the plaintiff's wife; for by force of a rule of law that is very familiar, her cow became, by the fact of marriage, absolutely the property of the husband.

No lien upon the cow owned by her before marriage was created by the fact of the tax being assessed against her. Personal property is not subject to a lien for a tax, till such lien is created and fixed by distress. Nor even does a tax assessed on a list of real estate become an incumbrance on such estate, till it is fixed specifically by the statutory proceedings under the warrant; *Hutchins et al.* v. *Moody*, 30 Vt. 655.

It is a familiar idea that the assessment and enforcing of a tax is purely a statutory proceeding, and is peculiarly *in invitum*, and is to be prosecuted with scrupulous regard to the provisions of the statute. A tax assessed is capable of being enforced only in the mode prescribed by the statute under the warrant. It does not constitute a cause of action capable of being enforced by suit. It is rather in the nature of a final judgment, for the enforcement of which the warrant is the only process or means.

The tax in question was assessed against the plaintiff's wife while she was a *feme sole*. The warrant directs it to be collected of *her*. In case she refuse to pay, it authorizes the taking of *her*

property, and in default of property, the taking of *her* body. Both she and her husband refused to pay the tax. She had no *property* when she thus refused. As this was not a debt that could be enforced by suit against her at any time, of course it could not be enforced by such means against her husband. It hence results that the only mode of enforcing the collection of the tax, by a resort to property, was the one pursued by the defendant.

Does the law authorize the defendant to pursue that mode of collecting the tax?

The statute contains no provision to that effect. The warrant directs the tax to be collected out of the property of Mrs. S. S. French, not of the plaintiff.

Upon a pretty thorough examination we are satisfied that the principles and analogies of the law discountenance the idea that the plaintiff's property, by reason of his having married the person taxed, can be subjected to distress upon the warrant. A judgment against a woman, whether obtained before her marriage or in a suit pending at the time of her marriage, can not lawfully be enforced by an execution against the husband, whether issued against him separately or jointly with the wife. It can properly be issued against her alone, and enforced only against *her* property or body. *Taggart* v. *Butcher*, 3 Maule & Sel. 557, was ejectment brought against the defendant while a *feme sole*. She married before trial. Judgment was recovered against her, and a *fi. fa.* for damages and costs was issued against her on said judgment. BAYLEY, J. said "it would be irregular to take the goods of the husband, for the writ is only to take her goods." In *Haines* v. *Corliss*, 4 Mass. 659, it is said "an execution on a judgment for costs against Anna Haines can not be levied on the goods of her husband, nor can his body be taken, although the wife may be arrested and imprisoned if the husband will not satisfy the execution."

It is needless for the purposes of this case to decide whether the defendant might have resorted to any other than the course he took for enforcing the payment of the tax. Yet, it would seem hardly to admit of doubt that he might have taken the body of the plaintiff's wife under the warrant, without any obstruction by reason of the existing coverture. To have done so, might have

Sumner *v.* Pinney.

been a very reasonable *experimentum crucis* upon the husband.

In *Cooper* v. *Hunchin*, 4 East. 521, which was an action commenced against the defendant when a *feme sole*, and in which judgment was recovered after marriage, without joining the husband by *sc. fa* , LeBLANC, J. said, "if the husband had been joined, the plaintiff might still have taken the wife in execution, There seems no reason, therefore, why he might not take her at once without joining the husband, if he did not mean to affect him." In *Doyle* v. *White*, Cro. Jac. 323, "the whole court was of opinion that if an action be brought against a widow, who is found guilty, and before judgment takes a husband, the *capias* shall be awarded against her, and not against the husband." The same thing is announced as being law by the court in 10 Mass. 78, though it was not a point then in litigation; see 3 Bl. Com. 414.

We need not pursue the subject further. If it is desirable, in such a case as this, that the property of the husband should be subjected to distress for the satisfaction of the tax, the legislature will make due provision in that behalf. But under the law as it now is, we think the defendant, as collector, was not authorized to take the property in question.

The judgment is therefore affirmed.

NOTE. — The publication of the remainder of the cases decided in Windsor County, and elsewhere in the State, during the year 1859, is, for want of room in this volume, postponed until the issue of the next, the 32d volume of Vermont Reports.