*W. H. Mallory*, for appellant.

*J. Ristine*, for appellee.

———————•———————

## MAIDEN *v.* WEBSTER.

PROMISSORY NOTE.—*Joint and Several.*—A promissory note commencing, "I agree to pay," &c., and signed by two, is joint and several, and the holder may at his election sue one or both of the makers.

PRACTICE.—*Parties.*—*Joinder of.*—Under the code, in a joint action against two, as makers of a joint and several promissory note, both of whom have been duly served with process, the plaintiff, having by leave of court dismissed as to one, may proceed to judgment against the other; and such judgment, remaining in force against the latter, is no bar to a subsequent suit on the note against the former.

PARTNERSHIP.—*Evidence.*—*Pleading.*—Evidence that the makers of a joint and several note, purporting to be made by two, were partners at the time of its execution, and that it was given by one in the names of both, in the business of the partnership, is admissible, in proof of its execution put in issue by the other maker in a suit against him on the note, though the note does not purport to be given by or in the name of a firm, and the complaint contains no allegation of such partnership.

APPEAL from the Montgomery Common Pleas.

ELLIOTT, J.—Webster sued Maiden on a promissory note as follows:

"Remington, Oct. 15th, 1864.

"For value received I agree to pay Reuben Webster one thousand dollars, one day after date, waiving relief from valuation or appraisement laws.       S. Sheeks.

T. G. Maiden per Sheeks."

Maiden answered: first, the general denial, concluding

with the averment that he did not make or execute said note, nor did he authorize any one to do so. This paragraph is sworn to.

The second paragraph alleges that the plaintiff had theretofore commenced a suit on the same note against the defendant jointly with the administrator of Sheeks, the other maker, in the Court of Common Pleas of Jasper county; that process was duly served on them; that he (Maiden) appeared in said court and answered said action; and that during the trial thereof the plaintiff, by leave of the court, dismissed said action as to this defendant, and recovered judgment therein for the amount due on the note, against the administrator of Sheeks; which judgment remains in full force, &c. The proceedings and judgment referred to were made a part of the answer.

A demurrer was sustained to the second paragraph of the answer, to which Maiden excepted. A trial of the issue made by the first paragraph resulted in a verdict and judgment for the plaintiff. A motion for a new trial being overruled, Maiden appeals.

Sustaining the demurrer to the second paragraph of the answer, is the first error complained of here. The note, in legal effect, is joint and several. The holder might, therefore, at his election sue one or both of the makers, and, at common law, having elected to sue both, the holder could not take judgment against one alone, unless the process were returned "not found" as to the other. *Gibbons* v. *Surber*, 4 Blackf. 155. Under the rule stated in that case, the plaintiff here could not have dismissed the suit in the Jasper Common Pleas as to Maiden; and then have proceeded to judgment against the administrator of Sheeks. But the law on this subject is materially modified by the provisions of the code. Thus, the 20th section provides, that "persons severally and immediately liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, all or any of them, be included in the same action, at the option of the plaintiffs."

The third clause of section 41 declares, that "if all the defendants have been served, judgment may be taken against any or either of them severally when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or any of them alone." And so section 99 provides, that "the court may at any time, in its discretion, and upon such terms as may be deemed proper, for the furtherance of justice, direct the name of any party to be added or struck out."

Under these provisions, the plaintiff, by dismissing the suit in the Jasper Common Pleas as to Maiden, changed it from a joint to a separate action against the administrator of Sheeks alone, and hence the judgment in that suit against the administrator is no bar to a subsequent action against Maiden. There was no error in sustaining the demurrer.

The only remaining question arises upon the refusal of the court to grant the appellant a new trial.

One of the grounds urged for a new trial is the alleged improper admission of certain evidence on the trial. It appears by a bill of exceptions that the plaintiff below was permitted to prove, over the appellant's objection, that the note sued on was given for money loaned, and that at the date of the loan and the execution of the note the appellant and Sheeks kept a warehouse and were in partnership in the wheat trade, and that the money was loaned to them as partners, and was used in their partnership business, the note being executed by Sheeks in both their names. The plaintiff below was also permitted to prove, over the appellant's objection, that in the summer and fall of 1864, the appellant told one Briers and one McDaniels that he was in partnership with Sheeks in the grain trade and town lots. The objection urged to the evidence is, that the note does not purport to be given by or in the name of a firm or partnership, and that the complaint contains no allegation of the existence of such partnership; from which it is claimed that the plaintiff below could only fix the liability of the appellant by

proving that he executed the note in person, or expressly authorized some one else to execute it for him.

No authority is referred to in support of the position assumed, and we know of none. The appellant denied the execution of the note under oath, which threw on the appellee the burthen of proving its execution. If the appellant executed the note through an agent authorized to put his name to it, then it was his note. Partners are mutual agents of each other in all things which respect the partnership business; and hence the act of one in the name of all, or for the benefit of all in their common business, is deemed obligatory upon all the partners. Story on Agency, § 37. If the appellant and Sheeks were partners in the grain trade, and if Sheeks borrowed the money for the use of the firm, then, as one of the partners, he was the agent of the other, the appellant, and as such was authorized to sign the appellant's name to the note, and it thereby became the note of the appellant. Ordinarily, perhaps, partners agree upon a partnership name, in which, as a matter of convenience, the business of the partnership is conducted. This, however, is not required by the law, and a note given in the business of the partnership is none the less a partnership note because it is executed by the full names of all the partners. Nor was it necessary, in suing on the note, that the complaint should allege a partnership between the makers.

There was no error in admitting the evidence.

The judgment is affirmed, with five per cent. damages, and costs.

GREGORY, J., was absent.

*M. D. White*, and *T. Patterson*, for appellant.

*S. C. Wilson*, and *J. M. Butler*, for appellee.