## BELKNAP *v.* BOSTON & MAINE RAILROAD.

Under the provisions of our statute that " costs shall follow the event of every action," &c., a defendant is entitled to costs upon an arrest of judgment.

But when judgment is arrested for a defect in the declaration, apparent upon the record, and one for which a plea in abatement or a demurrer would have been sustained, that fact may afford a reason why the court in its discretion should disallow or limit such costs on arrest of judgment.

MOTION FOR COSTS. After verdict for plaintiff, judgment was arrested on the ground that the declaration contained a count in assumpsit and a count in tort. Defendant moved for costs, and claimed that defendant was the prevailing party- under Gen. St., ch. 214, sec. 1. The court ruled that defendant was not a prevailing party, and was not entitled to costs under that provision of the statute, and overruled defendant's motion, and defendant excepted, and filed this bill of exceptions, which was allowed and signed. No question of discretion was considered.

*Stickney* for defendant.

*Wood* and *Hatch* for plaintiff.

SARGENT, J. At common law no costs were allowed to either party; *State* v. *Kinne*, 41 N. H. 238; but laws were passed from time to time giving costs in certain cases. Bac. Abridg., Costs.

So in this State various statutes have been passed allowing costs in particular cases, and costs have been allowed in those cases accordingly. But where there was no special provision allowing costs, none were allowed. In *State* v. *Leavitt*, 3 N. H. 44, it was held that no costs should be allowed in a writ of *certiorari*, and in *Eames* v. *Car-*

*lisle*, 3 N. H. 130, that defendant was not entitled to costs, when the writ was quashed on motion for defect appearing on its face, for the reason that when these cases were decided it was understood that no statute allowed costs in such cases.

So in England it was formerly held that when the plaintiff was non-suited the defendant was entitled to costs, and that the party succeeding upon demurrer was entitled to costs, while it was also held that when judgment was arrested on motion, or reversed upon writ of error, no costs were recoverable, but each party must pay his own costs. 1 Ch. Pl. (Demurrers) 661 and note h; *Cameron* v. *Reynolds,* 1 Cowp. 403, 407; 1 Ch. Pl. 197. Costs were allowed in the two former cases because express statutes authorized them. 1 Ch. Pl. 670. But in the two latter cases no statute authorized costs, and it was held that in those cases the defendant ought to have objected at an earlier stage of proceeding and by demurrer. This reason may still operate to induce the court to make a special order in such cases, as they have the power to do; but it does not interfere with the general interpretation of our statute as we shall see. For in 1842 an important change was made in this State, in the law relating to costs. A general statute was then passed providing that "costs shall follow the event of every action or petition unless otherwise directed by law or by the court." Rev. Stats., ch. 191, sec. 1, and the same provision remains unchanged. Gen. Stats., ch. 214, sec. 1.

In this case the law has made no different provision, and the court has made no order, nor exercised nor attempted to exercise any discretion; and however strongly the court might be urged in this case to limit or to disallow costs in its discretion, yet until that discretion is exercised, the only question is as to *the event of the suit,* for the statute makes the question of costs to turn entirely upon that. In *Lyford* v. *Bryant,* 38 N. H. 88, decided under this law, it was held that the decision in *Eames* v. *Carlisle, supra,* must be overruled, and that under this provision of the law *the event of the suit* was just as much in favor of the defendant, when he got the plaintiff's writ *quashed* on motion, as when he got it abated by plea. The question then is in whose favor is the event of the suit in this case? or which is the prevailing party?

*Lyford* v. *Bryant, supra, Clement* v. *Wheeler,* 25 N. H. 368, *Bean* v. *Brackett,* 35 N. H. 88, *Phelps* v. *Bennett,* 30 N. H. 492, *Ballou* v. *Smith,* 31 N. H. 413, *Fox* v. *Whitney,* 33 N. H. 408, *Knowles' Petition,* 33 N. H. 193, *Dodge* v. *Clarke,* 37 N. H. 243, *Bartlett* v. *Hodgdon,* 44 N. H. 472, *Eastman* v. *Holderness,* 44 N. H. 18, have all been decided under the statute, and they all hold substantially and many of them in express terms, that the prevailing party is to recover costs, that the event of the suit is to be understood as being in favor of the party who in the end prevails; that in order for a plaintiff to be the prevailing party and entitled to costs he must recover some balance or some amount of damages, but that in order for a defendant to be the prevailing party, to have the event of the suit in his favor, it is only necessary that he should defeat the plaintiff's suit, so that nothing be recovered against him; and it is immaterial whether he do

this by showing that the plaintiff's claim is none of it due, or that plaintiff owes him a larger amount on his offset, so as to throw the balance in his favor, or whether he defeats the plaintiff's action by showing that his writ is insufficient and getting it abated by plea or quashed upon motion, or succeeds in getting his demurrer to it sustained. The result must be the same, if he defeats the plaintiff by getting his judgment arrested, and thereby preventing his recovery. Especially where as in this case the arrest of judgment is procured for a cause which would have been a good ground for plea in abatement, motion to quash, or for a demurrer.

The defect in the plaintiff's writ is fatal at any stage of the proceeding or when brought to the notice of the court in any form or way. Whenever or howsoever the defendant raises this objection, he prevails over the plaintiff, and defeats his action, and *the event of the action* is in his (defendant's) favor; and it will be so as much in arresting the judgment as it would in abating the writ, or demurring for the same cause. So in *Pangburn* v. *Ramsey*, 11 Johns. 141, it was held that on an arrest of judgment no costs are recoverable, but the reason assigned is that the case did not come within any of their statutes allowing costs.

By a former statute of Massachusetts the party prevailing was in all cases entitled to costs. Under that statute, in *Hart* v. *Fitzgerald*, 2 Mass. 509, it was held that when judgment is arrested for the insufficiency of the plaintiff's declaration, the defendant shall recover costs. Parsons, C. J., in delivering the opinion says : " In this State costs have always been given the defendant when by his plea the plaintiff's writ is abated ; and no reason can be given why costs are given to the defendant when the writ is abated on his plea, and that no costs should be given him when the writ on the face of it is bad, so that it is abated by the court *ex officio*, or judgment is arrested for its insufficiency. As we always give costs to the defendant when judgment is given him on his demurrer to the plaintiff's declaration, he ought for the same reason to have costs if the judgment be arrested for a substantial defect in the declaration." He adds that the party prevailing is entitled to costs, and no distinction is made as to the form or manner in which he shall prevail. In the present case the plaintiff has not supported his action, but the defendant has prevailed and is entitled to costs. *Haines* v. *Corlis*, 4 Mass. 659.

In *Hogins* v. *Arnold*, 19 Pick. 191, it was held that when, after verdict for the plaintiff in the action which was debt upon a bond, judgment was arrested, the defendant, under their statute, was entitled to costs.

These authorities under a statute substantially like our own would seem to be decisive of this case ; and we think that here the event of the action was in favor of the defendant and that he should be allowed his costs.

*Exceptions sustained.*