No. 11,950.

## GILES v. CANARY.

PRACTICE.—*Defect of Parties.*—*Waiver.*—That there is a defect of parties defendants is waived if objection be not made by demurrer.

SAME.—*Evidence.*—*Weight.*—*Credibility.*—*Supreme Court.*—The Supreme Court will not weigh conflicting evidence, nor determine as to the credibility of witnesses.

JUDGMENT.—*Promissory Note.*—*Joint and Several Contract.*—*Merger.*—A judgment against one of several makers of a joint and several note does not merge the note or work the release of the other makers.

From the Sullivan Circuit Court.

*J. C. Briggs* and *C. E. Barrett,* for appellant.
*W. S. Maple* and *S. Coulson,* for appellee.

ELLIOTT, J.—The appellant, without having demurred to the complaint below, now insists, under a specification in the assignment of errors, that the pleading is bad because it shows on its face a non-joinder of necessary parties defendants. The objection is not available under the attack here made upon the complaint.

The only question presented by the record is whether the verdict is sustained by the evidence. The appellant claimed that he was the surety on the note sued on, and that this fact was known to the appellant, and he further claimed that the time of payment was extended without his consent, and that interest was received from the principal in advance. It was established that the appellant was surety, and that the appellee had knowledge of the fact, but there was a direct conflict of evidence upon the question whether the time of payment was extended. It is the settled rule that where the court below gives credit to witnesses testifying to a state of facts, and accepts their testimony as correct, this court will also act upon the state of facts taken as correct by the trial court. *Arnold* v. *Wilt,* 86 Ind. 367; *Cain* v. *Goda,* 94 Ind. 555; *Julian* v. *Western Union Tel. Co.,* 98 Ind. 327. We can not, therefore, disturb the finding of the court upon this point.

The appellant read in evidence a judgment rendered in this action against John Wagner, one of the makers of the note, which was rendered upon default sometime prior to the filing of the supplemental answer pleading a discharge by reason of the merger of the note in that judgment. The note sued on reads: " I promise to pay to the order of Christian Canary three hundred dollars," and is a joint and several note, and not a joint obligation. *Lambert* v. *Lagow,* 1 Blackf. 388 ; *Groves* v. *Stephenson,* 5 Blackf. 584 ; *Maiden* v. *Webster,* 30 Ind. 317. The rule that a judgment upon a joint obligation merges the cause of action, and works a release of a joint obligor against whom no judgment is taken, does not apply to a joint and several note. Judgment affirmed.

