### KOONTZ v. HAMMOND.

[No. 2,640. Filed October 25, 1898.]

LIMITATION OF ACTIONS.—*Bills and Notes.*—*Pleading.*—A complaint on a promissory note, the note showing upon its face that it is barred by the statute of limitations, is not bad as against a demurrer, where the complaint does not show that plaintiff is not within some of the exceptions stated in the statute. *pp. 77, 78.*

SAME.—*Bills and Notes.*—*Payment of Interest.*—The payment of interest on a promissory note by the principal will not suspend the running of the statute of limitations as to the surety. *pp. 79, 80.*

APPEAL AND ERROR.—*Evidence.*—*Act of 1897.*—Where a transcript was filed in this court after the act of March 8, 1897, relative to the manner of bringing the evidence into the record became operative, the appeal will be governed by said act although the bill of exceptions embracing the evidence was signed and filed before the act went into effect. *p. 81.*

From the Laporte Circuit Court. *Reversed.*

*Charles Kellison,* for appellant.

*Mortimer Nye* and *Andrew Anderson,* for appellee.

WILEY, J.—The appellee sued appellant and the Stevens Store Company, upon a promissory note for $1,000, dated May 25, 1883, which said note was signed as follows: "Stevens Store Co. By Samuel Koontz,

Sr., President. Samuel Koontz, Sr." The note pro-. vided for interest at eight per cent., payable annually. The complaint was in the statutory form. The Stevens Store Company was defaulted, and it is not appearing to this appeal. The appellant challenged the sufficiency of the complaint for want of facts, which demurrer was overruled, and he excepted. He then answered in three paragraphs, as follows: (1) General denial; (2) payment, and (3) statute of limitations. Appellee Hammond replied (1) by a general denial, and (2) by a new promise of the appellant to pay within ten years. Trial by jury, resulting in a verdict and judgment for appellee. Appellant's motions for a new trial and in arrest of judgment were overruled, and on appeal he has assigned errors as follows: (1) That the court erred in overruling the demurrer to the complaint; (2) that the complaint does not state facts sufficient, etc.; (3) that the court erred in overruling the motion for a new trial; and (4) the court erred in overruling the motion in arrest of judgment.

The first, second and fourth specifications of the assignment of errors may be considered together, as they all present the same question. The appellant contends that, as the complaint on its face shows that the action was commenced more than ten years after the maturity of the note, and the right of action accrued, the complaint does not state facts sufficient to constitute a cause of action. There is some confusion in the record as to just when the action was commenced, but, waiving any technical question, we think it sufficiently appears that the complaint was filed and summons issued February 23, 1895. As above stated, the note was dated May 25, 1883, and became due six months after date, and hence the right of action accrued November 25, 1883. Thus it appears that the right of action accrued more than

ten years next before the suit was commenced. Though this is conceded, it does not follow that appellant's contention that the complaint is insufficient can prevail, and hence the conclusion drawn by him is wrong. The statute of limitations very wisely contains certain exceptions, and it is the uniform rule in this State that a demurrer will not lie to a complaint unless it appears from the complaint itself that the case is not within any of the exceptions. *Medsker* v. *Pogue*, 1 Ind. App. 197; *Shewalter* v. *Bergman*, 123 Ind. 155; *Hogan* v. *Robinson*, 94 Ind. 138; *Newsom* v. *Board, etc.*, 92 Ind. 229; *State, ex rel.*, v. *Younts*, 89 Ind. 313; *Devor* v. *Rerick*, 87 Ind. 337; *Dunn* v. *Tousey*, 80 Ind. 288; *Harlen* v. *Watson*, 63 Ind. 143; *Potter* v. *Smith*, 36 Ind. 231; *Board, etc.*, v. *Adams*, 76 Ind. 504; *Milner* v. *Hyland*, 77 Ind. 458; *Morrison* v. *Kendall*, 6 Ind. App. 212. As the complaint does not show that appellee was not within some of the exceptions stated in the statute, it follows, from the authorities cited, that appellant's demurrer was not well taken, and the complaint was sufficient. This leaves for our consideration the alleged error in overruling appellant's motion for a new trial. The reasons assigned for a new trial are that the court erred in admitting certain evidence; in giving and refusing to give certain instructions; that the verdict is not sustained by sufficient evidence; that the verdict is contrary to law; and that the assessment of the amount of recovery is erroneous, in that it is too large.

Before considering any of the questions presented by the motion for a new trial, we desire to say that appellant rested his entire defense upon the statute of limitations, and is here insisting that, as to him, the action is barred. As shown by the evidence, the facts upon which he relies for his defense

are, in brief, the following: The Stevens Store Company was a joint stock company, the shares of stock of which were owned by divers persons, including appellant. He was the president of the company and one of its directors; attended the meetings of the stockholders and directors, but did not participate actively in the management of the business. So far as the record shows, he was the largest stockholder. The note in suit was executed for borrowed money that went into the business of the Stevens Store Company, and such company was principal, and appellant the surety thereon. The note was executed May 25, 1883, and this suit was commenced in February, 1895. The interest had been paid thereon up to May, 1892, said interest having been paid by the Stevens Store Company, through the person in charge of the business; but no part of the interest had been paid by appellant in his individual capacity. At the meetings of the directors exhibits or statements of the business of the company were made by its manager, and such statements were open to the inspection and examination of the directors. The payments of interest of the note were made by the manager, and such payments were made out of the funds of the company. It is shown by the evidence that appellant had signed other notes as surety for the Stevens Store Company. One witness testified that at the meetings of the board of directors appellant had stated on different occasions that he wanted all the notes paid upon which he was liable as surety, and that no particular note or notes were specified; while appellant and other witnesses testified that he had stated at some of the meetings of the board that he wanted certain and specified notes paid upon which he was liable as surety. It is also shown by the evidence that appellant did not make any payments of inter-

est on the note in suit in his individual capacity, and it is upon this latter fact that he relies for a reversal. Under the authorities, the note is joint and several. *Lambert* v. *Lagow,* 1 Blackf. 388; *Groves* v. *Stephenson,* 5 Blackf. 584; *Maiden* v. *Webster,* 30 Ind. 317; *Giles* v. *Canary,* 99 Ind. 116. The rule is well settled in this State that one of the makers of a joint and several promissory note may plead the statute of limitations where another joint and several maker has kept the statute from running against him by payments, or otherwise. *Bottles* v. *Miller,* 112 Ind. 584; *Christian* v. *State, ex rel.,* 7 Ind. App. 417. The recent case of *Mozingo* v. *Ross,* 150 Ind. 688, is the last expression of the Supreme Court upon the question, and is decisive of the case before us. It was there held that a partial payment can serve only to suspend the running of the statute of limitations as against the party making the payment, and the fact that one making the payment is the principal debtor does not alter or change the rule as to other debtors who executed the note or obligation as sureties. The opinion of the court by Jordan, J., is an exhaustive exposition of the law, and, after quoting the statutes, and reviewing many authorities, the court reached the conclusion just stated. We do not deem it necessary to quote at length from the opinion, but content ourselves by citing it as decisive of the case in hand.

Appellant urges that the court erred in instructing the jury to return a verdict for appellee for the amount due on the note. This was the only instruction given, the court refusing to give certain instructions tendered and requested by appellant. Under the evidence and law as herein stated the court was not authorized to direct a verdict for appellee, and for the error in so instructing the jury the judgment must be reversed.

Koontz *v.* Hammond.

Appellee insists that the evidence is not in the record, because it does not affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions, and hence we cannot consider the instructions; but in this instance we think he is in error. The transcript was filed in this court November 22, 1897, and therefore it is governed by the provisions of the act approved March 8, 1897 (Acts 1897, p. 244), notwithstanding the fact that the bill of exceptions was signed and filed before the act was passed. To make the evidence a part of the record under that act, it is sufficient if the transcript contains the original bill of exceptions embracing such evidence, if it appears from the record that such bill was duly and timely presented to the judge, approved and signed by him, and filed with the clerk of the trial court or in open court. This the record shows was done. The act further provides that it shall not apply to "cases now pending on appeal in the Supreme and Appellate courts." This must be construed to mean that, though the bill of exceptions, embracing the evidence, was signed and filed before the act went into effect, and the appeal perfected after it became operative, that the appeal must be governed, so far as bringing the evidence into the record is concerned, by the act in force when the appeal is perfected. It is not necessary, therefore, that the record should show that the longhand manuscript of the evidence was filed in the clerk's office before it was embraced in the bill of exceptions. Judgment reversed, with instructions to the court below to sustain appellant's motion for a new trial.