### CORNEILLE v. PFEIFFER.

[No. 3,350. Filed January 8, 1901.]

BILLS AND NOTES.—*Several Obligation.*—A promissory note reading, "I promise to pay P. or order $100," etc., signed by two makers is a joint and several note, and not merely a joint obligation. *p. 64.*

SAME.—*Merger of Action.—Separate Judgment.*—Under §§322, 578, 579 Burns 1894, §§320, 569, 570 Horner 1897 a judgment against

Corneille *v.* Pfeiffer.

one defendant in an action on a joint and several obligation does not merge the cause of action, but the plaintiff has a right to take judgment against one or more of the defendants and have the action proceed against the other defendants who are severally bound with him. *p. 64.*

BILLS AND NOTES.—*Election.*—*Joint Obligation.*—The fact that the holder of a note signed by two makers sued both makers jointly does not conclusively show that he elected to treat the obligation as joint. *pp. 64, 65.*

From the Allen Superior Court. *Affirmed.*

*S. M. Hench,* for appellant.

*H. G. Keegan, R. C. Bell* and *N. D. Doughman,* for appellee.

ROBINSON, J.—Appellee, as indorsee of the payee of a note which read "six months after date, I promise to pay, etc. * * *", sued Francis C. Gladieux, and appellant Corneille, who were the makers, and the indorser. All were served with summons. Appellant appeared by attorney and demurred to the complaint, which was overruled on the sixth day of the April term, and on the same day he filed an answer in three paragraphs and a cross-complaint setting up suretyship. On the same day Gladieux was defaulted, and the following finding and judgment entered: "This cause is now submitted to the court for trial as to said defendant Francis C. Gladieux, and having heard the proofs the court finds for said plaintiff in the sum of $115.25 as against said defendant, Francis C. Gladieux. It is therefore considered and decreed that said plaintiff have and recover of and from said defendant, Francis C. Gladieux, said sum of $115.25 besides his costs herein expended, without relief from valuation or appraisement laws." On the 101st day of the same term appellant withdrew his cross-complaint "without prejudice". On the 108th day of the term, over appellant's objection, appellee filed a reply in two paragraphs to appellant's answer. A motion was then made to strike out the reply, which was overruled. On the fifteenth day of the September term appellant filed a plea

*puis darien continuance,* and on the twenty-fourth day of the same term a second paragraph was filed.

It is insisted by counsel, and this is the only question presented, that the action of the trial court in rendering judgment against Gladieux merged the cause of action set out in the complaint and thereby released and discharged appellant as a surety on the note. The note sued on reads: "I promise to pay Peter F. Poirson or order $100"; though signed by both Gladieux and Corneille, is a joint and several note, and not merely a joint obligation. *Lambert* v. *Lagow,* 1 Blackf. 388; *Groves* v. *Stephenson,* 5 Blackf. 584; *Maiden* v. *Webster,* 30 Ind. 317; *Giles* v. *Canary,* 99 Ind. 116.

Section 322 Burns 1894, §320 Horner 1897, provides: "Where the action is against two or more defendants, and the summons is served on one or more, but not all of them, the plaintiff may proceed as follows: * * * Third: If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them, or any of them alone." Sections 578, 579 Burns 1894, §§569, 570 Horner 1897, read: "In a suit against several defendants, the court may, in its discretion render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper." "Though all the defendants have been summoned, judgment may be rendered against any of them, severally, when the plaintiff would be entitled to judgments against such defendants if the action had been against them severally."

It will be observed that the reply to the answer was filed at the same term of court that the judgment was taken. Under the above statutes appellee had the right to take judgment against Gladieux, as he was not bound merely jointly with appellant, and then proceed against the other defendant who was severally bound. We know of no reason, and appellant has assigned none, why there should be

Corneille *v.* Pfeiffer

any different rule because appellant appeared to the action. The finding and judgment clearly show that they were against Gladieux only.  The fact that appellee sued both Gladieux and appellant does not conclusively show that appellee elected to treat the obligation as joint.

Counsel for appellant relies upon the case of *Lawrence* v. *Beecher,* 116 Ind. 312, for a reversal.  But that case is clearly distinguishable from the case at bar.  There suit had been brought against a number of makers of a several promissory note.  A personal judgment was taken against one and the equity of redemption of all the parties in the real estate mortgaged was foreclosed.  It was held that the judgment merged the whole cause of action against all the defendants in court and a subsequent suit could not be maintained against any one of them.  It is thus seen that the question raised in that case came up in a collateral action and not directly upon appeal as, in this case.  It was held that as the plaintiff in the former action had taken a personal judgment against one of the defendants and a decree of foreclosure against the others the presumption would prevail against him that he then obtained all the relief to which equity and justice entitled him.

The statutes above set out authorize such a proceeding as that had in the case at bar.  Under them the judgment against Gladieux did not prevent the further pursuit of judgment against appellant.  The makers of the note were jointly and severally bound and the judgment against one did not merge the cause of action against the other.  See *Lawrence* v. *Sample,* 97 Ind. 53; *State* v. *Roberts,* 40 Ind. 451; *Beatty* v. *O'Connor,* 2 Ind. App. 337; *Louisville, etc., R. Co.* v. *Treadway,* 143 Ind. 689; *Giles* v. *Canary,* 99 Ind. 116.

Judgment affirmed.