### SHELDON AXLE CO. *v.* LANDMAN.

1. PARTIES—JOINT DEFENDANTS—SERVICE OF PROCESS—STATUTES.
   Under 3 Comp. Laws, §§ 10373-10375 (5 How. Stat. [2d Ed.] §§ 13087-13089), authorizing the commencement of suit against joint promissors and authorizing plaintiff to proceed against the defendant upon whom service could be obtained, it is not necessary to show that plaintiff was unable to obtain service upon the codefendant.

2. GUARANTY—SALES—DELAY—TIME.
   Mere delay in the shipping of goods beyond the date fixed in the order did not operate to relieve the guarantors of the payment of the purchase price where defendants signed the guaranty with full knowledge that the plaintiff required the same before the order would be filled, and any delay caused in filling the order was attributable to neglect to furnish such guaranty.

Error to Kent; Perkins, J. Submitted January 8, 1915. (Docket No. 30.) Decided June 7, 1915.

Assumpsit by the Sheldon Axle Company, a foreign corporation, against John W. Landman and George Van Antwerp upon a guaranty. Judgment for plaintiff. Defendant Landman brings error. Affirmed.

*William J. Landman,* for appellant.

*Cleland & Heald,* for appellee.

McAlvay, J. This suit was brought by the plaintiff against the defendants to recover upon a certain agreement in writing whereby they guaranteed the payment of a certain order for goods purchased from the plaintiff by the Van L. Commercial Car Company of Grand Rapids. A trial was had before the court without a jury, and a judgment recovered by plaintiff against defendants for the full amount of its claim. Defendant John W. Landman has removed the case to this court for review upon errors assigned.

The facts in the case are as follows: The Van L. Commercial Car Company, a Michigan corporation, of Grand Rapids, of which the defendants were respectively president and treasurer, on October 12, 1911, through Mr. Russell, a salesman of plaintiff, gave an order for the purchase of certain goods manufactured and sold by plaintiff, amounting to the sum of $878.71, terms net 30 days, to be shipped to arrive at Grand Rapids, Mich., on or before November 1, 1911. The order was taken on the order blanks of plaintiff and accepted in writing by the Van L. Commercial Car Company by defendant Van Antwerp, who was its president. The main office and business of plaintiff was located at Wilkesbarre, Pa., with a branch office at Chicago.

This order was sent to the Chicago office, and from there forwarded to the home office in Pennsylvania by a letter written by the salesman, who took the order. This letter contained the following statement:

"They have referred us to R. G. Dun & Co. and wish us to discount their bill. Please do not hold their order up for reference."

The record shows that all matters of credit were passed upon at plaintiff's home office. The result of

an investigation made by plaintiff of the credit of the Van L. Commercial Car Company appears from the following letter which was sent by the Chicago office to said company and its president, October 18, 1911:

"MR. GEORGE VAN ANTWERP,
    'Van L. Commercial Car Co.,
        "Grand Rapids, Mich.
*"Dear Sir:*
    "We are this day in receipt of a telegram from our home office to the effect that they are unable to find anything in the commercial reports which would warrant proceeding with your order and would therefore suggest arrange as on your previous order.
    "We regret the necessity of writing to you to this effect but the earlier our treasurer receives satisfactory information as to your credit the earlier the order would be entered in the mail."

In reply to this letter, the following communication, dated October 19, 1911, was sent by the defendants to the Chicago office of plaintiff:

"SHELDON AXLE COMPANY,
    "68 E. 12th St.,
        "Chicago, Ill.
*"Gentlemen:*
    "Attention Mr. Russell. Yours of the 18th at hand and note that your company at Wilkesbarre, Pennsylvania, were unable to find satisfactory rating to warrant proceeding with order.
    "We have not turned in any statement either to R. G. Dun or Bradstreet, which is no doubt the reason your company cannot find our standing. Mr. John W. Landman, treasurer of our company, is perfectly willing to go good on this order and the writer is personally willing to do the same.
    "Hoping this will be satisfactory to you and to your company, we, the undersigned, personally will guarantee the above.
            "Yours very truly,
                "GEORGE VAN ANTWERP, President,
                "JOHN W. LANDMAN, Treasurer."

The foregoing is the guaranty upon which suit is brought and was received by plaintiff at the

home office at Wilkesbarre, Pa., October 27, 1911.

The record shows that the delay in manufacture and shipment of these goods was accounted for by the delay in obtaining satisfactory assurances as to credit; that it is plaintiff's practice not to put on an order until it is satisfied as to the credit of the purchaser. These goods named in the order were all shipped to, received and accepted by, the Van L. Commercial Car Company, of which these defendants were president and treasurer. No witnesses were sworn or testimony given on the part of the defendants. The findings of fact and questions of law were filed by the court with the result already stated.

The questions involved and errors upon which appellant John W. Landman relies, as stated in the brief of his counsel, are as follows:

"(1) Appellant claims that it was error to permit the taking of any testimony in the case until service was made on defendant Van Antwerp, or proper showing was made of inability to serve him.

"(2) Appellant claims that it was error to find that he was bound as a guarantor for the payment of goods on orders which read that the goods named therein were to be shipped so as to reach Grand Rapids on or before November 1, 1911, when none of said goods, according to the undisputed facts, were shipped before November 14, 1911.

"(3) Appellant claims that it was error to find as a fact that the goods named in the order were duly received and accepted by the Van L. Commercial Car Company with the knowledge and consent of defendants herein in the absence of testimony to that effect."

1. In this case service of the declaration by which the suit was commenced was made only upon defendant Landman. It is his contention that by such service the court did not obtain jurisdiction to hear this case, and upon this contention the first group of errors assigned is based. It is contended that it is necessary that, before evidence can be introduced in a case against joint defendants, there should be a show-

ing made that the defendant not served cannot be found.

Plaintiff contends that these proceedings were regular and authorized by the following statute:

"Where an action against two or more persons upon any joint obligation, contract or liability, shall be commenced by the filing and service of a declaration, and it shall appear by the certificate of the sheriff, or by due proof, that the same has been served upon either of such persons, the defendant so served shall answer to the plaintiff, and the judgment in such action, if rendered in favor of the plaintiff, shall be against all of the defendants, in the same manner as if all had been served with such declaration; which judgment shall have the like effect, and execution thereon shall be issued as if process had been served on one of them." Section 10375, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13089).

The last clause of the above section refers to the provisions relative to issuing executions in cases where but one of the joint defendants is served with process, provided for in the two preceding sections, 10373 and 10374. There is no dispute in the case but that appellant Landman was duly and regularly served with a copy of the declaration in this case. The statute in question was enacted in 1839. It was declared constitutional in *Brooks* v. *McIntyre,* 4 Mich. 316. It has frequently been before this court in cases where service has been had upon one joint defendant and the jurisdiction of the court upheld. Judgments entered in form against joint defendants have been held good where service by virtue of this statute was had upon but one defendant. It has been held not applicable as against joint garnishee defendants. It was not necessary under this statute for plaintiff to make a showing of inability to obtain service upon defendant Van Antwerp. The court was not in error in receiving the testimony offered on the part of the plaintiff.

2. Appellant's second contention is that delay in

186 Mich.—5.

shipment of these goods beyond the date in the order worked a release of the guarantors. The delay in shipment was not caused by the plaintiff, but by the purchaser of these goods and these defendants. Notice that the date of delivery would depend upon the receipt of a satisfactory guaranty was given in the letter which notified them the goods would not be sold unless the account was guaranteed, as follows:

"The earlier our treasurer receives satisfactory information as to your credit the earlier the order would be entered in the mail."

The defendants in this case signed the guaranty with full knowledge that the plaintiff required it and that the earlier it was furnished the earlier the goods would be shipped. This guaranty was part of a letter which they, as officers of this company, engaged in carrying on its business, were writing to the plaintiff company in answer to a demand for a guaranty of the payment of this order and in which they made no claim to cancel or rescind the order on account of delay in delivery, and by so doing acquiesced in whatever delay might occur in the delivery of these goods. Plaintiff, after the receipt of this guaranty, on October 27, 1911, at once set about filling the order and began shipment of the goods on November 14, 1911. The court, therefore, was not in error in holding appellant bound as a guarantor and that the delay in shipment did not work a release.

3. The third contention of defendant relates to one of the findings of fact by the court, claiming that it was not supported by the evidence. This finding reads:

"All of the goods were duly received and accepted by the said Van L. Commercial Car Company with the knowledge and consent of the defendants herein."

From an examination of all of the evidence in the

case we are satisfied that it warranted this finding. The trial court was therefore not in error.

The judgment of the circuit court stands affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.