THOMPSON ET AL. *v.* BOWMAN.

1. The fact that real property is held in the joint names of several owners, or in the name of one for the benefit of all, is no evidence of partnership between the parties with respect to it. .In the absence of proof of its purchase with partnership funds for partnership purposes, such property is deemed to be held by them as joint tenants, or as tenants in common; and none of the several owners possesses authority to sell or bind the interest of his co-owners.
2. If persons are copartners in *the ownership* of land, such land being the only subject-matter of the partnership, the partnership will be terminated by a sale of the land.    Hence the declarations of one of the partners made subsequently to the sale are not evidence to bind the other owners.

ERROR to the District Court for the Northern District of Mississippi.

Thompson, Ford, and Powell, being owners of real estate in Texas, Powell agreed with one Bowman, that if he would find a purchaser, he should have a commission of ten per cent. on a sale.    Bowman found a purchaser, and the com-

---

* Oliver *v.* Piatt and others, 3 Howard, 401.

mission not being paid, he brought suit for it, the suit in the court below.

In charging the jury, the court assumed, without any proof upon the point, that the defendants were partners in the ownership of the property, and instructed them that each partner was the agent of all the partners composing the firm of which he is a member; and had a right to sell all the partnership property, real or personal, and to employ agents to sell it and to bind the firm by an agreement to give such agent a commission for selling it.   It allowed a witness produced for that purpose to prove " that it was admitted by the defendant Powell, *after the lands belonging to the defendants, in respect of which the commissions sued for in this cause are claimed, had all been sold,* that he, the said Powell, had agreed, prior to the said sale, to pay the plaintiff ten per cent. upon the amount of the proceeds of the sale of the said lands, if he, the plaintiff, would find or introduce a purchaser for them; to the introduction of which testimony, the defendant Thompson, by his counsel, objected, but the court overruled the objection."

The case was here on exception to the admission of this testimony and to the charge.

*Messrs. Carlisle, Ashton, and Black, for the plaintiff in error; Mr. Reverdy Johnson, contra.*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court, as follows:

There is no doubt that a copartnership may exist in the purchase and sale of real property, equally as in any other lawful business.   Nor is there any doubt that each member of such copartnership possesses full authority to contract for the sale or other disposition of its entire property, though for technical reasons the legal title vested in all the copartners can only be transferred by their joint act.   But the fact that real property is held in the joint names of several owners, or in the name of one for the benefit of all, is no evidence of copartnership between them with respect to it. In the absence of proof of its purchase with partnership funds for partnership purposes, real property standing in the names

of several persons is deemed to be-held by them as joint tenants, or as tenants in common; and none of the several owners possesses authority to sell or bind the interest of his co-owners.

But if the position assumed by the court were justified by the evidence, and the defendants were in fact copartners, in the ownership of the property, such copartnership was terminated by the sale made. The land was the only subject of the assumed copartnership; no pretence is made that it held any other property. With the sale, therefore, the business was completed, for which the supposed copartnership was formed; and this completion necessarily dissolved the relation of partners between the parties.*

The subsequent declarations of Powell as to the agreement made by him with the plaintiff were not admissible as evidence against his late copartners. His authority to bind them ceased with the dissolution of the copartnership. His admission of liability, or of an agreement upon which liability might follow, possessed no greater efficacy to bind his former copartners than a similar admission of any other agent of the copartnership after his agency had terminated.†

It follows that the court below erred both in its assumption and its rulings, and its judgment must therefore BE REVERSED, and the cause remanded for a new trial; and it is so ordered.

---

* 3 Kent, 53; Story on Partnership, sec. 280.

† Baker *v.* Stackpole, 9 Cowen, 420; Van Keuren *v.* Parmelee, 2 Comstock, 530· Story on Partnership, § 323.