Mr. Chief Justice Alvey
delivered the opinion of the Court:
This is a bill filed by the appellant, Lisle S. Lipscomb, against the appellees, Frank E. Watrous and Jessie L. Pearce, for a specific performance of an alleged agreement for the sale and conveyance of a lot of ground in the city of Washington. The alleged agreement bears date the nth of February, 1892, though the proof shows that if the agreement was actually made by the authority of the appel-lees, or either of them, it should have borne date February 15, 1892, instead of the nth of that month. The alleged agreement which the appellant seeks to have executed, was made by Rust & Hungerford, real estate brokers in the city of Washington, claiming to represent the appellees in the transaction.
The bill charges the making of the agreement exhibited with the bill; the payment of a deposit of $100 to Rust & Hungerford; and that the appellant had since tendered to the appellees, through their agents, the balance of the cash instalment of the purchase money, according to the agreement, and is ready and willing to pay the same, but the ap-pellees refused to accept it. He also charges in general terms that he has performed all the requirements of the agreement on his part to be performed, but the appellees have refused to make a conveyance of the property.
*4 The appellees answered severally, and they both positively deny under oath that they, or either of them, ever agreed to sell the lot for the price offered by the appellant, or that Rust & Hungerford ever had authority to enter into any agreement for the sale of the lot for them, though there had been talk and negotiation in regard to a prospective sale. The memorandum of agreement upoii its face would seem to indicate that it was not a completed instrument at the time it was prepared; that it had been prepared in anticipation of a sale thereafter to be completed. The paper is headed “Deposit Contract,” and reads as follows:
“Received of Lisle S. Lipscomb a deposit of one hundred dollars, to be applied in part payment for the purchase of lot eleven, in block twenty-six, Columbia Heights, with the improvements thereon, sold on the following terms and conditions: Price of property, $4,518.75, sixty cents per square foot. Terms of sale, one-third cash, balance one note payable two j^ears after date, secured by deed of trust on the above described property, with interest at the rate of six per .cent, per annum, payable semi-annually. The purchaser is required to make full settlement, in accordance with the terms of sale, within thirty days from this date, or deposit may be forfeited. Sold free of all incumbrance, and taxes paid to date of delivery of deed. The usual special warranty deed will be executed by the owner. Title to be a good record title or deposit will be refunded. Conveyancing, including abstract, at cost of purchaser.
“ Rust & Hungerford,
“ Agents for-owner.
“ I hereby agree to the terms and conditions of the within contract. (-.)
“The agents are not to be held responsible for non-performance of the contract herein bjr the owner of the property, or for failure of title.”
The property has remained in the possession of the ap-pellees, and they have denied all right or claim of the appel *5 lant thereto. They did not receive the deposit, nor have they recognized the right of Rust & Hungerford to receive it for them.
The proof taken shows great conflict among the witnesses, as to the material facts of the case; the number of witnesses on the respective sides being about equal. The proof, however, wholly fails to show any authority from Frank E. Watrous, either to Miss Pearce or to Rust & Hungerford, to sell his interest in the property. The declarations of Miss Pearce,* proven by Rust to have been made to him, could not be taken to prove such authority, and Miss Pearce swears that she was not authorized by Watrous to make any bargain or agreement for the sale of his interest in the property. The onus of proof of authority rests on the appellant. And the principle is settled by numerous decisions, that specific performance should never be decreed unless the agreement, and all its terms, are clearly proved, nor when it is left in doubt whether the party against whom relief is asked did, in fact, make, or authorize to be made, the agreement set up in the bill. Hennessy v. Woolworth, 128 U. S., 438. Whether Miss Pearce and Watrous held the property as joint tenants or as tenants in common, it is very clear that one of such owners possessed no authority to sell or bind the interest of the co-owner, in the absence of express authority given for that purpose. Thompson v. Bowman., 6 Wall., 316; Stephen v. Beall, 22 Wall., 329, 336. Therefore, even conceding that Miss Pearce did authorize the sale of the property at 60 cents per square foot, it is very clear that such general authority would not affect or bind the interest of Watrous.
But apart from the defect of proof as to the authority to make the sale, there are other objections to decreeing specific performance in this case that are insuperable.
*6 In the first place, it is one of the best founded principles of equity, that he who goes into a court of equity, invoking its aid, must allege in his bill, and show in proof, that he has done, or has offeied to do, or is ready and willing to do, all that, on his part, is necessary to entitle him to the relief he seeks; or he must set forth in his bill adequate reasons why he should be excused from so doing. Oliver v. Hamilton, 11 G. & J., 426, 446; Colson v. Thompson, 2 Wheat., 336.
Here, there is no allegation, nor is it shown in proof, that the note for the deferred instalment of the purchase money was tendered, with a deed of trust for its security, nor that the deed for the property was prepared and tendered to the appellees for execution, as required by the contract. These things were required to be done by the appellant, within thirty days from the date of the alleged contract, or the deposit should be forfeited. Failure in this respect defeats the right to specific performance. Colson v. Thompson, supra.
But, in the second place, there is an entire want of mutuality in the alleged agreement, and that of itself defeats the right to a decree for specific performance.
The agreement, as we have seen, does' not disclose the names of the owners of the property. Why this omission it is difficult to conjecture. But the agreement, while it appears to have been the intention that it should be signed by the appellant, the purchaser, was not signed by him; and as that agreement professes to embrace the entire contract, and all the terms and conditions thereof, it is the exclusive evidence by which the parties can be bound, if bound at all. No prior negotiations can be resorted to for the purpose of eking out a binding contract. Parkhurst v. Van Cortlandt, 1 John. Ch., 273. And such being the case, as the agreement has not been signed by the appellant as purchaser, in the event of failure of performance on his part, the appellees would be without remedy by way of specific execution of the contract, as against the appellant, except to the extent *7 of the right to insist upon the forfeiture of the small deposit, according to the terms of the agreement. In such case, the familiar principle applies, that a court of equity will never decree a specific performance where the remedy is not mutual, or one party only is bound by the agreement. Lawrenson v. Butler, 1 Sch. & Lefr., 13; Parkhurst v. Van Cortlandt, 1 John. Ch., 273, 282. It is laid down as settled doctrine by the Supreme Court of the United States, in the case of the Marble Company v. Ripley, 10 Wall., 339, 359, “ that when, from personal incapacity, the nature of the contract, or any other cause, a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it specifically .against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former.”
Upon review of the whole case, we discover no ground upon which the appellant has just claim for a decree for specific performance of the alleged agreement; and therefore the decree of the court below must be affirmed, with costs to the appellees.

Decree affirmed.

The declarations of Miss Pearce referred to in the text were, that the appellee was a co-owner with her of the lot, and that the acceptance of the offer of the appellant was left hy the ap-pellee entirely with her. — Reporter.