# STARKWEATHER *v.* DYER.*

### PARTNERSHIP; EQUITY.

1. In the absence of proof of its purchase with partnership funds for partnership purposes, real property standing in the names of several persons is deemed to be held by them as joint tenants, or tenants in common, and not as partners.

2. Where the legal title to real estate is in trustees, and the beneficial ownership is in the holders of certificates issued by the trustees, showing the undivided interests of the respective holders, which are subject to assessment for expenses incurred in the execution of the trust, the certificate holders are tenants in common, and not partners; and

---

*Partnership real estate.*—The question of partnership real estate is fully discussed in a note to *Robinson Bank* v. *Miller,* 27 L.R.A. 449.

a bill in equity by one of them for dissolution of the supposed partner-ship and sale of the property will be dismissed.

No. 1730.  Submitted May 21, 1907.  Decided June 4, 1907.  Motion for Rehearing, June 6, 1907.  Rehearing Denied November 22, 1907.

HEARING on an appeal by one of several defendants from a decree of the Supreme Court of the District of Columbia in a suit in equity for the dissolution of an alleged partnership and the sale of the partnership real estate, granting the relief prayed for.                                                          *Reversed.*

The facts are stated in the opinion.

*Mr. Richard P. Evans, Mr. Fred H. Benson,* and *Mr. W. W. Poultney* for the appellant.

*Mr. B. F. Leighton* and *Mr. R. Golden Donaldson* for the appellees.

Mr. Justice McCOMAS delivered the opinion of the Court:

The appellant, George B. Starkweather, conveyed to John D. Croissant and John O. Johnson, trustees, two adjoining tracts of land on Spring street, between Fourteenth and Sixteenth streets, Northwest, the two tracts being encumbered; one a 7-acre tract by deed dated June 1, 1892, the other a 3-acre tract by deed dated May 2 of the same year. These trustees organized a syndicate for the purchase of these lands in accordance with their contract with Starkweather. The purchase price was $75,000. This sum was divided into thirty shares of $2,500 each, and of these shares twenty-four were issued by the trustees, and six shares were left remaining in the treasury. All of the parties interested in this syndicate were made parties to this suit. The 7-acre tract was encumbered by a deed of trust made by Starkweather and wife to secure a debt, and in default of payment was sold. See *Starkweather* v. *Jenner,* 27 App. D. C. 348, where much of the statement of the case relates to the case we are here considering.

The subscribers to these shares signed a subscription agreement, and subsequently received a syndicate certificate issued by the trustees and accepted by the subscribers, under the terms of which Croissant and Johnson, trustees, admit that they hold this real estate for the particular subscriber who has contributed $2,500 of the purchase money, and is therefore entitled to a one-thirtieth undivided interest in said real estate in trust, the shareholder's interest to be subject to assessment, as provided in the deed to the trustees, for money necessary to pay the expenses incurred in the execution of the trust, enforceable by sale of the share owner's interest in the property for default in payment of an assessment. Croissant and Johnson made no assessments, but appear to have borrowed money from members of the syndicate to pay several debts.

It is admitted that the bill in this case is in the nature of a bill for dissolution of a partnership and appointment of a receiver. It asks that the syndicate property be sold by trustees to make sale, and that the affairs of the syndicate be wound up. It asks for an accounting from the syndicate trustees. The bill alleges an indebtedness evidenced by promissory notes aggregating several thousand dollars, and that the 3-acre tract is the only remaining property of the syndicate; that there is no income therefrom to pay taxes, and that the interest of the shareholders requires the property to be sold and the syndicate wound up. The appellant, Starkweather, is the only defendant whose answer opposes the relief prayed for in the bill. Among other things Starkweather alleges that he has heretofore filed a bill in the same court for an accounting from the syndicate trustees, who are authorized and required to raise money for taxes and expenses in the manner described in their declaration of trust, averring that these trustees were empowered to make assessments to pay all proper and legal taxes and expenses. The terms of the deed of trust and of the syndicate certificates show that the shareholders in the Crescent Heights Syndicate are not partners, but tenants in common. The appellees contend that these shareholders are partners, any one or more of whom may ask for a dissolution of the partnership, a sale of property to

pay debts, and a distribution of a surplus, if there be one,
among the shareholders.

It is true there may be a partnership in the purchase and
sale of lands, as in any other property, and that real property
belonging to a partnership is treated in equity as part of a
partnership fund, and is disposed of and distributed the same
as the personal assets. See *Schaeffer* v. *Blair,* 149 U. S. 248,
257, 37 L. ed. 721, 724, 13 Sup. Ct. Rep. 856; *Clagett* v. *Kil-
bourne,* 1 Black, 346, 17 L. ed. 213. However, as was said in
*Thompson* v. *Bowman,* 6 Wall. 316, 317, 18 L. ed. 736, 737:
"The fact that real property is held in the joint names of sev-
eral owners, or in the name of one for the benefit of all, is no
evidence of copartnership between them with respect to it. In
the absence of proof of its purchase with partnership funds for
partnership purposes, real property standing in the names of
several persons is deemed to be held by them as joint tenants, or
as tenants in common; and none of the several owners possesses
authority to sell or bind the interest of his co-owners." For in-
stance, *Clark* v. *Sidway,* 142 U. S. 682, 35 L. ed. 1157, 12
Sup. Ct. Rep. 327, was a case in which the transaction of the
joint purchase of land was held not to constitute a partnership,
but only a single special adventure on the joint account, a mere
community of interest in the property, where the agreement
to share profits and losses did not create a partnership, and
where the parties were only tenants in common. We think
the relation of the syndicate shareholders and the trustees of
this property is of this sort. Several persons may be tenants in
common of an equitable interest in real estate. Each sharehold-
er here had a separate and distinct, although an undivided, in-
terest in the land to be sold. In this case it is only necessary
for us to decide that these persons were not partners, and that
this bill for the sale of property and dissolution of partner-
ship ought to have been dismissed. The trustees, Croissant
and Johnson, did not hold title to the 3-acre tract in trust for
a partnership, but for the separate members as individuals
having a separate interest in the land. We must reverse the
decree of the court below.

It is plain there should be an accounting by the trustees, or the survivor of them, since it appears Croissant has died during the pendency of this suit. Whether such accounting should be in this proceeding, or in a prior suit pending in the same court, can be better determined by the court below. We must reverse the decree because it disposes of the interest of the members of this syndicate as if they were partners, which is clearly an erroneous view. We will remand the bill and proceedings in this case in order that the bill may be dismissed.

The decree of the court below is reversed, with costs, and the bill and proceedings remanded. *Reversed.*

A motion for a rehearing, made June 6, 1907, was denied November 21, 1907, the following opinion being filed:

PER CURIAM:

The appellee's motion for rehearing is founded not only on points that were fully considered on the hearing, and are discussed in the opinion delivered in the case, but in part also upon an expression in that opinion to the effect that "an accounting should be [had] in this proceeding, or in a prior suit pending in the same court, [which] can be better determined by the court below." We are satisfied that that expression should be recalled. The suit is not of such a nature as to admit of an accounting between the parties at interest; and as there is another suit pending for that purpose in which the proper parties either have been or may be joined, it is proper that the account should be taken therein, if necessary at all. The motion will therefore be denied, with costs, and the cause remanded, with direction to dismiss the bill at the cost of the complainants.

It is so ordered.