## WEIDENHAMMER ET AL. *v.* McADAMS, EXECUTOR.

[No. 7,596.    Filed June 21, 1912.    Rehearing denied November 20, 1912.    Transfer denied January 7, 1913.]

1.  LIMITATION OF ACTIONS.—*Part Payment by One of Several Joint Debtors.—Effect.*—A part payment by one of several joint debtors can serve only to suspend the running of the statute of limitations as against the party making the payment, by himself or duly authorized agent.    p. 101.

2.  TENANCY IN COMMON.—*Nature of Interests.*—The interests of tenants in common are several, and not joint, and ordinarily neither tenant can bind the estate or person of the other by any act in relation to the common property, not previously authorized or subsequently ratified.    p. 102.

3.  INFANTS.—*Powers.—Authorization or Ratification of Acts.*—A minor cannot authorize any one to act as his agent, nor can he acquiesce in or ratify the acts of any person so as to make them his own.    p. 103.

4.  LIMITATION OF ACTIONS.—*Part Payment of Debt.—Implication.— Infants.*—Part payment takes a debt out of the statute of limitations by virtue of the legal implication that such part payment is a new promise to pay the residue of the debt, but such implied promise does not operate to bind an infant, since he cannot toll the statute even by an express promise.    p. 103.

5.  TENANCY IN COMMON.—*Transactions Concerning Common Property.*—One who deals with a tenant in common, in regard to the common property, does so at his peril.    p. 103.

6.  INFANTS. — *Capacity to Contract. — Presumptions.* — A person dealing with an infant is bound to know his incapacity to contract.    p. 103.

7.  LIMITATION OF ACTIONS.—*Mortgage Debt.—Part Payment by Adult Tenant in Common.—Effect on Infant Tenant in Common.*—An adult heir, who is a tenant in common of real estate with a minor heir, is not by virtue of the relation of co-tenancy the implied agent of the minor and cannot, by making part payments on the ancestor's mortgage debt, toll the statute of limitations against such minor.    p. 104.

8. TENANCY IN COMMON.—*Incumbrances.—Payments.—Presumptions.*—Where a mortgage existing on land held by a father and son as tenants in common as heirs of the mother, bound the mortgagors personally to pay the mortgage debt, and the father had joined the mother in the execution of such mortgage, it will be presumed that payments made by him, after the vesting of the tenancy in common, were made in fulfillment of such personal agreement to pay, rather than to relieve the common estate of the burden of the mortgage lien. p. 104.

From Fountain Circuit Court; *J. E. Schoonover,* Judge.

Action by Charles V. McAdams, Executor of the last will and testament of William C. Smith, deceased, against Arthur Weidenhammer and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Edwin F. McCabe* and *Victor H. Ringer,* for appellants.
*William B. Durburow* and *Hanly, McAdams & Artman,* for appellee.

IBACH, J.—Action begun by appellee's decedent against Arthur Weidenhammer and others for the foreclosure of three several mortgages, one of which does not affect appellant Weidenhammer's property. The other two mortgages were executed on different days in the year 1892 by said appellant's mother, Nellie Weidenhammer, on property then owned by her, to secure the payment of certain notes which she alone signed. Her husband, Lesher Weidenhammer, who is living, and was made a defendant in this action, joined with her in executing said mortgages. She died on March 26, 1893, three days after said appellant's birth, and he, therefore, is a minor. To the complaint said appellant's guardian *ad litem* answered the statute of limitations. To this answer appellee replied alleging partial payments made by said appellant's father, Lesher Weidenhammer, who at the time of the alleged payments was a tenant in common with said appellant of the real estate affected by said mortgages. Said appellant and appellee agree that the important question is whether after the death of the mother the

father could toll the statute of limitations as to his infant son by making partial payments on a mortgage on real estate owned by the father and son as tenants in common as heirs of the mother. This question is presented by errors assigned in overruling appellants' demurrer to appellee's second paragraph of reply, and in overruling appellants' motion for a new trial, and if answered in the negative the case must be reversed.

Appellee in his brief admits the law to be as follows: "That an action on a promissory note dated subsequent to September 19, 1881, is barred in ten years after it accrues; that, when the debt secured by a mortgage is barred, an action upon the mortgage is also barred; that the debt secured is the principal thing and the mortgage only an incident, and as a necessary corollary to this, that the life of one is always co-extensive with the life of the other; that an action upon a mortgage containing a promise to pay the debt thereby secured is governed by the ten-year statute of limitations; that the only methods of tolling the statute of limitations, in actions upon notes or to foreclose mortgages, are to show an acknowledgement or promise in writing or a payment, executed or made by a party having authority to bind the person pleading the statute and who is sought to be charged in the action; that the law, which attaches to a payment the effect of tolling the statute of limitations, is not statutory, but is the common law, being the result of judicial decisions running throughout English history; that the principle upon which this doctrine of payment is based, is that, from the fact of part payment, the law raises an implied promise to pay the residue; that such doctrine of implied promise can not be applied to the appellant, who is a minor and who made no payments; that the appellant being in privity with his mother, both in person and estate, has the right to plead the statute of limitations in this case." But while conceding these points, appellee argues that since the lien of appellee continued to exist for the full sum of

his debt, against the interest of each heir and all the land; since he was under no legal obligation and could not be compelled to accept a part of his debt, less than the whole, or to release and discharge any part of the land except on full payment of one of the incumbrances; and since one of the tenants could not pay a portion of the debt and get a release and discharge of his portion of the security, but was compelled to pay the entire debt, or in case of his want of ability or inclination to do that could only pay the interest and avoid foreclosure; therefore, if the law devolves upon one the right, privilege or duty to pay an entire debt, although such one may not be the original debtor, a payment made by such party tolls the statute of limitations as to the entire debt, and does not suspend it as to the portion of the debt only in which the party paying is especially and primarily interested; finally, payment of interest on, or a part of, the ancestor's mortgage debt, by one tenant in common, effectually tolls the statute of limitations, as to the entire debt and as to the entire premises included in the mortgage, in such case the tenant paying acts as the agent of all the owners of the equity of redemption. As supporting this last contention he cites several cases, but none from this State.

In the case of *Whitcomb* v. *Whiting* (1781), 2 Dougl. *652, the rule was evolved by Lord Mansfield, that a part payment, acknowledgment or new promise by one of several joint debtors would start the statute afresh as to all. But this doctrine has been repudiated by the great weight of authority in this country, and the better rule is that such an action binds only the party actually making it, and does not start the statute afresh as to his co-obligors. 19 Am. and Eng. Ency. Law (2d ed.) 309; 25 Cyc. 1356, 1385. The case of *Whitcomb* v. *Whiting, supra,* has never been followed in Indiana. See *Yandes* v. *Lefavour* (1830), 2 Blackf. 371; *Dickerson* v. *Turner* (1859), 12 Ind. 223; *Bottles* v. *Miller* (1887), 112 Ind. 584, 14 N. E. 728; *Koontz* v.

*Hammond* (1898), 21 Ind. App. 76, 51 N. E. 506; *Mozingo* v. *Ross* (1898), 150 Ind. 688, 692, 50 N. E. 867, 41 L. R. A. 612, 65 Am. St. 387. In the case last cited the Supreme Court went into the authorities very carefully, and announced as its conclusion that "the correct and better rule is that a partial payment can serve only to suspend the running of the statute of limitations as against the party making the payment, by himself or duly authorized agent." Under this holding, the question before us becomes, Is the co-tenant, by virtue of that relation alone, the authorized agent to bind the other co-tenants by payments on a mortgage debt?

It is a familiar principle of law that the interests of tenants in common are several, and not joint. 38 Cyc. 6, *et seq.* In 1 Clark & Skyles, Agency §92, it is said:
2. "In order that one tenant in common of real property or co-owner of personal property may bind the other with respect to such property, consent on the part of the other is essential. There is no implied agency, as in the case of a partnership, merely by virtue of their relation." In 38 Cyc. 101, 102, the rule is thus stated: "Under ordinary circumstances neither tenant in common can bind the estate or person of the other by any act in relation to the common property, not previously authorized or subsequently ratified, for co-tenants do not sustain the relation of principal and agent to each other nor are they partners." See, also, 17 Am. and Eng. Ency. Law (2d ed.) 672; Mechem, Agency §71.

In the case of *Metzger* v. *Huntington* (1894), 139 Ind. 501, 37 N. E. 1084, 39 N. E. 235, our Supreme Court said: "It is true that a tenant in common may act as agent for the other owners; but his being a tenant in common and in possession does not of itself make him agent to incumber his co-tenants' interests, still less to impose a personal obligation upon them. There is no such implied agency. Mechem, Agency §71; *Thompson* v. *Bowman* [1867], 73 U. S. (6 Wall.) 316 [18 L. Ed. 736]."

Appellee relies largely on the cases of *Clute* v. *Clute* (1910), 197 N. Y. 439, 90 N. E. 988, 27 L. R. A. (N. S.) 146, 134 Am. St. 891; and *Ellis* v. *Snyder* (1911), 83 Kan. 638, 112 Pac. 594, 32 L. R. A. (N. S.) 253; in which payments on a mortgage by a co-tenant in possession were held to toll the statute as to the other co-tenants. But in each of these cases the facts were such that the court found that the other co-tenants had ratified the acts of the tenant who made the payments, or had acquiesced in them, and thus these cases are no exception to the general rule as above stated.

It is not possible in the present case for us to hold that appellant Weidenhammer acquiesced in the payments made by his father. Said appellant is a minor, and can neither authorize any one to act as his agent, nor acquiesce in or ratify the acts of any person so as to make them his own. Part payment takes a debt out of the statute of limitations because the law implies from that fact a new promise to pay the residue of the debt. *Mozingo* v. *Ross, supra.* But said appellant could not himself have tolled the statute by an express promise, being a minor, and it seems should not be held by an implied promise.

In *Ellis* v. *Snyder, supra,* the Kansas supreme court held minor heirs bound by the payments made by a co-tenant in possession, but in that case the guardian of these heirs was held to have consented. No guardian was appointed for appellant Weidenhammer. It is argued that the equities are with appellee, yet it must be remembered that he who deals with a tenant in common in regard to the common property does so at his peril (38 Cyc. 104 note 76) and one who deals with an infant is bound to know his incapacity to contract. It would have been possible for appellee as an interested party to have gone into court and asked for the appointment of a guardian for said appellant, and thereby the interests of

both the mortgagee and the minor might have been preserved. We have been unable to find a case in this or

7. any other jurisdiction in which the exact point presented has been decided. But from the general rules applicable, and from an analysis of decisions on analogous questions, and in view of the holding of the Supreme Court in the cases of *Mozingo* v. *Ross, supra,* and *Metzger* v. *Huntington, supra,* we feel constrained to hold that an adult heir, tenant in common of real estate with a minor heir, is not, by virtue of the relation of co-tenancy, the implied agent of the minor to toll the statute of limitations against him by part payments on the ancestor's mortgage debt. In addition to the cases before cited, we find our holding supported by the following cases. *Haines* v. *Haines* (1903), 69 N. J. L. 39, 54 Atl. 401; *Murdock* v. *Waterman* (1895), 145 N. Y. 55, 39 N. E. 829, 27 L. R. A. 418; *Aetna Life Ins. Co.* v. *McNeely* (1897), 166 Ill. 540, 46 N. E. 1130.

Moreover, appellant Weidenhammer's father had signed the mortgages, and had expressly bound himself to pay the debts which the mortgages were given to secure, and

8. it will be presumed that the payments he made were in fulfillment of such agreement, rather than payments to relieve the burden of a lien against the estate held in common by him and said appellant as heirs of the mother. See *Stubblefield* v. *McAuliff* (1898), 20 Wash. 442, 55 Pac. 637.

The court erred in overruling said appellants' demurrer to appellee's second paragraph of reply, and the decision of the court is contrary to law. The complaint is sufficient as against the objections urged. Other alleged errors argued will not likely occur at a new trial.

Judgment reversed, and cause remanded for new trial.

NOTE.—Reported in 98 N. E. 883. See, also, under (3) 22 Cyc. 514, 539; (4) 25 Cyc. 1392; (5, 7) 38 Cyc. 101. As to acknowledgment of new promise to suspend the running or remove the bar of the statute of limitations, see 102 Am. St. 751. As to contracts with infants, and their ratification or disaffirmance, see 18 Am. St. 639.