KERESTURY *v.* ELKHART PACKING COMPANY, ET AL.

[No. 16,433.   Filed May 27, 1940.]

*Arnold, Chipman & Degnan,* of South Bend, for appellant.

*Aaron Huguenard,* of South Bend, for appellees.

STEVENSON, J.—The appellee, Elkhart Packing Company, brought this action against the appellant and

the appellees, Charles Kerestury and Joseph Kerestury, to recover on an account.

The complaint alleged that, "The defendants were indebted to the plaintiff in the sum of $586.47 for goods, wares, and merchandise consisting of meat sold, furnished and delivered between the 12th day of May, 1934, and the 6th day of August, 1937, by the plaintiffs to said defendants at their special instance and request."

To this complaint the appellant and the appellee Joseph Kerestury filed an answer in general denial. The case was submitted to a court for trial without a jury. The court, after hearing the evidence, found for the plaintiff, Elkhart Packing Company, appellee herein, and against the appellant and the appellee Charles Kerestury and rendered judgment against them for the sum of $586.47. The court further found for the appellee Joseph Kerestury. A motion for new trial was subsequently filed by the appellant assigning as grounds therefor that: (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; and (3) error in excluding certain offered evidence.

The court overruled this motion and this ruling is the only error assigned in this court on appeal.

The appellant challenges the sufficiency of the evidence to support the decision against her. The facts as disclosed by the evidence establish that prior to March 17, 1934, the appellant and her husband, one C. M. Kerestury, operated a grocery store and meat market in the City of South Bend. This business was conducted in the name of C. Kerestury. On March 17, 1934, the husband died intestate, leaving as his sole surviving heirs at law the appellant, his widow, three sons of whom the appellees Charles and Joseph were two, and two daughters. The husband's estate was

never administered. The appellant, as widow, and her son Charles continued to operate the store and meat market for approximately two months and until May 10, 1934, at which time the widow left South Bend for Detroit, Michigan, where she has since resided.

On May 10, 1934, the appellant surrendered her possession of the business, debt free, to her son Charles who continued to operate the same until August, 1937, at which time the business was closed. No bill of sale or instrument in writing evidencing a change in ownership of the store or stock of goods was ever executed by the appellant or any of the heirs at law of the said C. M. Kerestury, deceased. During the years after the appellant left South Bend she visited her children in South Bend three or four times each year on which occasions she rendered some assistance in the store. She owned the real estate on which the building was located and the home on an adjoining lot. She had no control over the business or its operation and received no income therefrom. Salesmen for the Elkhart Packing Company received their orders from Charles and his brother Joseph and the account was carried on the books of the packing company in the name of C. Kerestury. During the period from May 10, 1934, to August, 1937, the driver for the Elkhart Packing Company stopped at the place of business nearly every day and saw the appellant in the store on an average of two or three times a year. During this period meats were sold and payments received on the account, which account gradually grew until it exceeded at times $600.00.

Witnesses for the packing company testified that shortly before the store closed they talked with the appellant about the amount of the bill and asked her to sign a note in payment thereof. The appellant did not deny the amount of the bill but refused to sign a

note therefor. The evidence further discloses that certain accounts were handed to appellant's attorney for collection about one month after the husband's death and others were handed to the same attorney for collection in the years of 1937 and 1938. These accounts were brought in by the appellee Charles Kerestury and the attorney filed suits thereon in the city court of South Bend in the name of the appellant. There is no evidence, however, that the appellant authorized the bringing of these suits in her name.

Under these facts the appellant contends that there is no evidence sufficient to support the decision against her. The appellee contends that this evidence is sufficient to support the judgment of the trial court under any one of four theories: First, as against the appellant as a principal debtor; second, as a proprietor of a business conducted under a trade name and transferred without notice; third, as a member of a partnership consisting of the appellant and her son Charles; and fourth, against the appellant as an ostensible partner with her son Charles.

As to the liability of the appellant for the account sued upon either as an actual or as an ostensible partner with her son Charles, it is our opinion that the evidence is insufficient to warrant a recovery. There is no serious contention by the appellee that the evidence in this case is sufficient to establish an actual partnership relation between the appellant and her son.

The doctrine of estoppel furnishes the basis on which one person not in fact a partner with another may by his own acts or conduct or by acquiescence in such other person's act and conduct bind himself as an ostensible partner. The liability of a person not in fact a partner but who has permitted himself to be held out as such rests on the doctrine of estoppel

and proof in such case must show all of the elements of an estoppel. *Steele* v. *Michigan Buggy Co.* (1912), 50 Ind. App. 635, 95 N. E. 435.

In order to constitute an estoppel there must be: (1) a representation or concealment of facts; (2) the representation must have been made with a ▬ knowledge of the facts; (3) the party to whom the representation was made must have been ignorant of the truth of the matter; (4) the representations must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced thereby to act. *Farmers' Bank* v. *Orr* (1900), 25 Ind. App. 71, 84, 55 N. E. 35; *Steele* v. *Michigan Buggy Company, supra.* Applying this rule to the facts disclosed by the record in this case we find an entire lack of evidence tending to establish either the first, fourth, or fifth elements of estoppel as above set up. In the absence of such showing there could be no recovery against the appellant under the theory of an ostensible partnership. The evidence is also insufficient to sustain a judgment against the appellant as a principal debtor. The evidence wholly fails to disclose any occasion on which the appellant either ordered or received products from the appellee after she transferred the business to her son and left the State on May 10, 1934. It is true that there is evidence that on one of her visits she ordered eight pounds of pork to take with her to her home in Detroit but this single item is in our opinion wholly insufficient upon which to base an inference that she was a principal debtor for the amount sued on. On the contrary, the evidence is clear that all parties to this transaction understood that this item was purely personal and separate and. apart from the business of the store.

The only remaining theory under which the appellee seeks to sustain the judgment is that the appellant is liable as a proprietor of a business conducted under a trade name and transferred by her without notice. The appellee relies upon the case of *Elverson* v. *Leeds* (1884), 97 Ind. 336, to sustain this contention. In this case the court held the mother, Hannah A. Leeds, liable on an account purchased by her son to whom she had sold the business. This liability was predicated upon the fact that said Hannah A. Leeds permitted her son, with her knowledge, consent and approval, to carry on the business under the name of "Leeds and Company," the name under which she herself had owned and operated such business. Under these circumstances the court said, page 340:

"When, therefore, the son did business under such name with the appellants, he was continually representing to them that his mother was still doing business under such name, and as the business was done under such name, with the 'knowledge', consent and approval' of his mother, it necessarily follows that she permitted him to thus hold her out as doing business under such name. This would, of course, render her liable to the appellants."

The case at bar, however, is readily distinguishable from the case of *Elverson* v. *Leeds, supra.* There is no evidence in the case at bar that the appellant ever owned or had any interest in the business during the lifetime of her husband and the account was carried in the name of C. Kerestury, her husband's name. Upon his death, the widow continued to operate and manage the store with the help of her two sons for approximately two months. The appellant's name was never connected with the business and at the time she left the State the stock of goods was turned over to the appellee Charles Kerestury, as the appellant

testifies, in accordance with the wishes of her deceased husband. The business continued to be conducted so far as the packing company was concerned in the name of C. Kerestury. This was not a representation to them however that the mother was still the owner of the business nor would it amount to a holding out to the public that the appellant was in any wise interested in or connected with the business. The title to this personal property passed to the heirs on the death of the ancestor, subject to be divested instantly upon the appointment of an administrator. *Rex Mfg. Co., Inc.* v. *Commissioner of Internal Revenue* (1939), 102 F. (2d) 325. As co-owners of this property neither heir had authority to bind the other without his consent. "Co-tenants do not sustain the relation of principal and agent to each other nor are they partners." *Weidenhammer* v. *McAdams* (1912), 52 Ind. App. 98, 98 N. E. 883. The Elkhart Packing Company knew of the death of C. M. Kerestury and by virtue of that fact must have known of the change in ownership of the store. However, no change was made in the name under which they carried their account and during the three years that the business operated thereafter the appellee's agents must have known that the appellant was not the buyer of their merchandise. Under such circumstances, it is our opinion that the appellant cannot be held liable on this account. *Gathright* v. *Burke* (1884), 101 Ind. 590.

For the reasons above stated the court erred in overruling the appellant's motion for new trial. Judgment is reversed with instructions to sustain the appellant's motion for new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.

NOTE.—Reported in 27 N. E. (2d) 383.