**APPEL v. SMITH.**

Civ. No. 229.

District Court, N. D. Indiana,
Fort Wayne Division.

Sept. 6, 1945.

Clarence R. McNabb and James R. Fleming, both of Fort Wayne, Ind., for plaintiff.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., for defendant.

SWYGERT, District Judge.

There appears to be no need for a recital of the pertinent facts; they are not in dispute. The conclusion to be drawn from these facts, that is whether or not a valid bona fide partnership was formed by the plaintiff, his wife and three daughters, is the single question to be decided. The partnership arrangement must be tested solely as to whether the plaintiff and his family were carrying on a partnership within the meaning of Section 181 of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 181. Its validity except tax-

wise is not in issue and the decision here is so limited. When tested thus, the evidence compels me to the view that the plaintiff and his wife and daughters were not "individuals carrying on business in partnership" within the meaning of this section. I am convinced that as to the years 1940 and 1941 there was not a "real carrying on of business in partnership" by the plaintiff and his family. Singletary v. Commissioner, 5 T.C. 365.

The value of the plaintiff's business in 1939 according to the partnership agreement was about $32,000. This business was the buying and selling of scrap iron and metals. Profits in 1940 were $60,320.35 and in 1941, $153,972.15. Undoubtedly capital was necessary, but it was largely, if not entirely, the taxpayer's efforts that made these profits possible. In other words, I am of the opinion that the profits for these years were largely realized through the services and activities of the plaintiff and that the capital of the business was not its most vital element.

Other than frequent consultations with members of his family, there is no evidence that the plaintiff's wife and children had any essential connection with the operation of the business. There is no showing that they had the knowledge or experience required to carry it on. The members of his family rendered no other service to the partnership enterprise except for these consultations. Consequently when their lack of knowledge and experience with the business is taken into consideration, these consultations are devoid of substance in considering whether Mrs. Appel and her daughters rendered any real service to the enterprise.

As stated the wife and children contributed no substantial service; nor did they bring in any substantial capital. It is true that Mrs. Appel and two of the children paid an initial $200 each and Mrs. Silverman, $500 on their shares in the partnership. However the balance of their $6,-414.46 notes was paid out of profits. These small initial amounts contributed by Mrs. Appel and her daughters are neither significant nor controlling when compared with the balance of the notes which were paid out of profits and with the total profits themselves. They are still less significant and controlling when it is realized that the success of the business was to a large extent dependent on the personal services rendered by the plaintiff.

Another important factor in determining whether a valid partnership existed is the attempt to bring Mr. Appel's minor daughters, Bernice and Rosalie, into the partnership. Their separate contracts to be bound by the partnership agreement are voidable during their infancy. Only upon their affirmance after reaching their majority can they be bound. It is true the plaintiff as the father is their natural guardian, but his capacity as such is not equivalent to the legal guardianship contemplated by the law of Indiana for the protection and preservation of minors' estates. The partnership agreement was executed by these minors and also by the plaintiff as their natural guardian. Furthermore the profits of the business distributed to the plaintiff's infant daughters and not used to pay their shares in the partnership were deposited in bank accounts entitled, "Rosalie Appel by Samuel Appel" and "Bernice Appel by Samuel Appel." In this connection, the Indiana courts have said that an infant cannot appoint an agent nor can he, upon reaching his majority, ratify the act of a person assuming to be his agent which was performed while he was a minor; that such an act is absolutely void, Trueblood et al. v. Trueblood, 8 Ind. 195, 65 Am.Dec. 756 Weidenhammer v. McAdams, 52 Ind.App. 98, 98 N.E. 883. The legal infirmities attaching to these infant partners together with their inability by reason of their tender years to contribute substantially either capital or services renders the idea of their becoming real partners in a joint enterprise with their father unconvincing, if not incongruous.

The plaintiff admitted in his testimony that no change was made in the operation of the business after the partnership was created. The evidence shows that he continued to manage and control it. Except for legal and bookkeeping formalities and the division of profits among the alleged partners, there was no substantial change in the business. The attempted partnership arrangement did not create a new and different economic unit.

For these reasons, I am of the opinion that facts of this case come within the rationale of Earp v. Jones, 10 Cir., 131 F.2d 292, 293. There the court said:

"The Supreme Court has quite clearly laid down the principles which must guide us in the determination of this question. In Harrison v. Schaffner, 312 U.S. 579,

61 S.Ct. 759, 85 L.Ed. 1055, in considering a gift of income by assignment, the court held that the operation of the taxing statute was not controlled by attenuated subtleties, but rather by the import and reasonable construction of the Act; that the court was not so much concerned with the refinements of title as with the command over the income. Concerning attempts to avoid the effect of a taxing statute by various devices, the court held that one having the right to enjoy income could not escape the tax by any kind of anticipatory arrangement, however skilfully devised, by which he procured payment to another. In Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, one partner conveyed one-half of his interest in an existing partnership to his wife. In upholding the right of the government to tax the entire income of his share to him, the court stressed the fact that there was no readjustment of rights in the partnership property and management.

"In Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, the court stressed the power to tax income to him who earns it, and stated that no anticipatory arrangement, no matter how skilfully devised, can avoid this. The court said that the fruit must be attributed to the tree on which it grew. In Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355, the court held that while a taxpayer was free to choose any organization for the conduct of his business, the government was not bound thereby; that it could look to the actualities and that if it found the form for doing business unreal or a sham, it was free to disregard the effect of the fiction as best served the purpose of tax statute. In Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, the court held that multiplying one economic unit into two or more by devices, although valid under state law, would not be conclusive on the federal government under the federal income tax law. * * *

"The apparent purpose of the partnership was not the creation and carrying on of a new joint enterprise or uniting their joint efforts or substance in a new undertaking. The real purpose of the partnership was to minimize income taxes. It is well settled that it is not unlawful to avoid the attachment of taxes. When a new tax comes into existence one is free to arrange or change his method or mode of operation to avoid the attachment of the tax or minimize the effect thereof. The change must, however, be real and substantial. One may not merely change the form but do business in substantially the same way. An essentially new and different economic unit must be formed. This appellant failed to do. All he did was to clothe himself in the cloak of a partnership, but when the cloak was removed, there stood the same individual, doing business in substantially the same way, and, for all practical purposes, unimpeded or unhindered by any restriction which usually flows from a partnership relation. For all practical purposes, he surrendered nothing. He still was monarch of all he surveyed."

 I am also of the opinion that the language of Judge Mellott in Camiel Thorrez v. Commissioner of Internal Revenue, 5 T.C. 60, is applicable here (notwithstanding that a gift instead of a sale was involved), " * * * a citizen has a clear right to make a gift of property to his wife and children and to engage with them in 'carrying on business in partnership.' His motive, even, is unimportant. But, while a taxpayer may assign capital to members of his family and permit them to have its fruits, he may not, through that guise, assign to them, tax-free, the income resulting from his own labor, skill, and industry."

Accordingly, it is held that the commissioner correctly determined the entire profits of the Samuel Appel Company for 1940 and 1941 are taxable to the plaintiff.